No. 20,300.

WILFRED M. ALBRIGHT, ET AL., *v.* THE DISTRICT
COURT OF THE CITY AND COUNTY OF DENVER, ET AL.
(375 P. [2d] 685)

Decided September 10, 1962.

Mr. Ed Conly, for petitioners.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Richard W. Bangert, Assistant, for respondents.

*In Department.*

Opinion by Mr. Justice Moore.

This is an original proceeding which involves certain procedures in the district court of the City and County of Denver arising under Rule 5 of the local rules adopted by the judges of the second judicial district.

It appears that an action there pending, in which petitioners are plaintiffs and John A. and Bonnie L. Crouch are defendants, came on for pre-trial conference on February 16, 1962, pursuant to the provisions of Rule 5 of the Rules of said district court.

A pre-trial conference order was prepared, but was not signed by the judge before whom the pre-trial conference was held. Counsel for petitioners assert that:

"4. The respondent judge thereupon informed counsel that the pre-trial order had never been signed. He stated that such order would not be signed until said counsel approved the order *as to substance* as well as to form, the objections noted in Exhibit "B," attached, notwithstanding. He stated further that he would vacate the trial date previously set for July 2, 1962, as above noted unless the order were so approved, or a petition for relief or other proceeding in the Supreme Court commenced by May 21. A minute order to such effect was entered by the judge. That such order effectively denies

Plaintiffs due process of law, and illegally conditions their right to a trial upon involuntary approval by counsel of matters duly objected to, and sought to be reserved as possible grounds for later appeal, if necessary.

"5. That such 'local' Rule 5, contrary to Rule 16 of the Rules of Civil Procedure makes no provision for a pre-trial order which 'recites the action taken at the conference * * *.' Plaintiffs have nonetheless attempted to preserve such matters by including them in paragraph 7 of the pre-trial order (Exhibit A) relating to issues of laws to be litigated at the trial. Such paragraph details the objections which were overruled and the motions which were denied.

"6. Requiring counsel in this or in any other case to approve an order *in substance* would force the *waiver* of objections duly raised and sought to be maintained. Law and custom in the State of Colorado dictate the securing of such approval, in form, by losing counsel for the reason that he is thereby afforded an opportunity to review orders prepared by successful counsel, to see that they accurately reflect oral orders previously entered by the Court. Such approval is to form, only, because it is recognized that the unsuccessful attorney maintains objections to the substance of such order and may properly use the same for his appeal."

It is agreed that said Rule 5 "forces pretended admissions and agreements, where none exists, and climaxes itself requiring attorneys' approval *as to substance* of orders entered by the Court irrespective of whether there are agreements, admissions, or stipulations of the parties." Rule 5(e) 3(g) provides that the court hearing a pre-trial conference will "Direct the preparation by counsel for the plaintiff of a pre-trial order to be approved in form and substance by attorneys for all parties and to be submitted to the judge for signature."

The said rule in sub-section (j) thereof provides for the preparation of a pre-trial order. We find therein the following pertintent language: "The pre-trial order shall

490

be in the following form: (Here follows a list of matters to be covered.)

"District Judge.

"Approved as to form and content.

_____

_____

"Attorney for plaintiff.

_____

_____

"Attorney for defendant."

In the instant case counsel for petitioners refused to sign the pre-trial order at the point indicated under the caption "Approved as to form and content." He signed the proposed pre-trial order under a caption "Approved as to form only." He asserts that an approval as to "form and content" amounts to an approval in substance of all things recited in the order and in effect nullifies all objections and exceptions which may have been made to the rulings of the court in passing upon questions of fact or law at the pre-trial conference.

We hold that said local rule of court is neither contrary to, in conflict with, nor in excess of the limitations or grants of Rule 16 of the Rules of Civil Procedure, but rather follows the mandate of and carries out the intended application and effectiveness of said Rules of Civil Procedure, in that said Rule 16 commands that the court "shall make an order which recites the action taken at the conference," and pursuant thereto requires the court to direct the preparation of an order containing what transpired at the pre-trial conference and how the results of such conference "shall control the subsequent course of the proceedings."

That portion of the rule of court which requires

the attorneys of the litigants to approve said pre-trial order as to substance as well as to form does not deny the petitioners due process of law, and does not illegally condition their right to a trial upon involuntary approval of matters duly objected to and sought to be reserved as possible grounds for later appeal, since, by petitioners' own representations, petitioners have "duly objected to" and "reserved" matters ruled upon at the pre-trial conference now in question, and thereby have preserved any and all rights for purposes of review on writ of error.

The approval of the "substance" of the order is neither an approval by counsel of the legal effect of the order nor of the application of substantive law which may appear in said pre-trial order, but rather, is an approval only of a recital of what transpired at the pre-trial conference.

The purpose of the pre-trial conference is to narrow the issues and to simplify the actual conduct of the trial on the merits. Objections duly made at time of pre-trial have the same purpose and effect as objections made at time of trial.

The rule is discharged.

MR. JUSTICE FRANTZ, MR. JUSTICE McWILLIAMS and MR. JUSTICE PRINGLE concur.