114 T.C. No. 13


UNITED STATES TAX COURT


CHERYL J. MILLER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JOHN H. LOVEJOY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 8094-97, 8158-97.          Filed March 24, 2000.


     Ps, husband (H) and wife (W), separated in 1992
and divorced in 1993.  Following a contested divorce
proceeding, the Denver (Colorado) District Court (the
State court) issued Permanent Orders granting W sole
custody of Ps' two minor children.  The Permanent
Orders also provided that H "shall claim both of [the]
children on his tax returns as exemptions."  In
accordance with the Permanent Orders, H claimed the
dependency exemptions for the children on his 1993 and
1994 Federal income tax returns.  However, he did not
attach a completed Form 8332, Release of Claim to
Exemption for Child of Divorced or Separated Parents,
signed by W to either of the returns.  Instead, H
attached portions of the Permanent Orders to his

returns as support for the claimed dependency exemptions.  The Permanent Orders were not signed by W consenting to the release of the dependency exemptions to H.  The Permanent Orders were executed by the State court judge and were signed by W's attorney signifying approval as to form.

Held: The Permanent Orders do not qualify as a written declaration signed by the custodial parent confirming that the custodial parent will not claim the children as dependents for 1993 and 1994.  Thus, attaching the Permanent Orders to H's tax returns did not satisfy the requirements of sec. 152(e)(2), I.R.C. and H is not entitled to claim the dependency exemptions for his minor children.

William C. Waller, Jr., for petitioner in docket No. 8094-97.

Thomas G. Hodel, for petitioner in docket No. 8158-97.

Sara J. Barkley, for respondent.

MARVEL, Judge:  Respondent determined deficiencies in the Federal income tax of petitioner Cheryl J. Miller, formerly Cheryl J. Lovejoy (Ms. Miller), for the taxable years 1993 and 1994 of $8,863 and $2,766, respectively.  Respondent also determined deficiencies in the Federal income tax of petitioner John H. Lovejoy (Mr. Lovejoy) for the taxable years 1993 and 1994 of $12,018 and $5,905, respectively.

These cases have been consolidated for purposes of trial, briefing, and opinion because they involve common questions of

fact and law arising from the separation and divorce of petitioners.

In a prior opinion in these cases, <u>Miller v. Commissioner</u>, T.C. Memo. 1999-273, we decided that "unallocated child support and maintenance" payments made pursuant to a Colorado State court decree were not deductible by the payor spouse under section 215[1] or includable in the income of the payee spouse under section 71. The only issues remaining for decision[2] are:

(1) Whether a State court decree which awarded the dependency exemptions for petitioners' minor children to the noncustodial parent but which was not signed by the custodial parent qualifies as a written declaration signed by the custodial parent that she will not claim the children as dependents as required by section 152(e)(2); and

(2) if issue (1) is resolved in favor of the noncustodial parent, whether the custodial parent regained the right to claim the dependency exemptions because the noncustodial parent failed to pay all of the child support required by the State court decree.

---

[1] All section references are to the Internal Revenue Code as in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The only other issues raised by the notices of deficiency are computational.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The parties' stipulations of fact are incorporated herein by reference.

Petitioners Cheryl J. Miller and John H. Lovejoy resided in Colorado during the years in issue and when the petitions in these consolidated cases were filed.

Petitioners were married on August 30, 1970. They had two children during their marriage--Krista Holly Lovejoy, born on January 8, 1977, and Dean Ross Lovejoy, born on May 10, 1980 (collectively, the children).

In May 1992, petitioners separated. Ms. Miller remained in the family home, and Mr. Lovejoy moved into a separate residence. Mr. Lovejoy and Ms. Miller maintained separate residences throughout 1993 and 1994 and were not members of the same household at any time during those years.

Shortly after petitioners separated, Ms. Miller filed a "Petition for Dissolution of Marriage" seeking, inter alia, a divorce, temporary and permanent maintenance, and child support (the divorce case). On August 13, 1992, nunc pro tunc July 27, 1992, the Denver (Colorado) District Court (the State court) signed Temporary Orders[3] in the divorce case that incorporated

---

[3] "Temporary Orders" may provide for temporary payment of
(continued...)

stipulations agreed to by the parties. The Temporary Orders conferred joint custody of the children on Ms. Miller and Mr. Lovejoy but designated Ms. Miller "the primary residential custodian for the children". The Temporary Orders were silent regarding which party was authorized to claim the dependency exemptions for the children.

Following several days of testimony in a contested divorce proceeding, the State court issued Permanent Orders on January 24, 1994, nunc pro tunc November 12, 1993, granting Ms. Miller sole custody of the children. The Permanent Orders also provided that Mr. Lovejoy "shall claim both of [the] children on his tax returns as exemptions". The Permanent Orders were not signed by Ms. Miller. However, they were executed by the State court judge and were also signed by the attorneys for Ms. Miller and Mr. Lovejoy under a caption that read "APPROVED AS TO FORM".

In accordance with the Permanent Orders, Mr. Lovejoy claimed dependency exemptions for both children on his 1993 and 1994 Federal income tax returns. However, he did not attach a completed Form 8332 signed by Ms. Miller to either of the returns. Instead, Mr. Lovejoy attached some portion of the

---

[3](...continued)
debts, use of property, custody, maintenance, child support, or attorney's fees during the pendency of divorce or separation proceedings. Colo. Rev. Stat. sec. 14-10-108 (1998).

Permanent Orders to his 1993 and 1994 Federal income tax returns to document his entitlement to the dependency exemptions.

Ms. Miller did not claim the dependency exemptions for the children on her 1993 and 1994 Federal income tax returns or on an amended return that she filed for 1993; however, Ms. Miller was granted leave to amend her petition in this case prior to trial to assert that she was entitled to claim the dependency exemptions.[4]  Ms. Miller based her claim to the dependency exemptions on a section of the Colorado Uniform Dissolution of Marriage Act (UDMA), which provides:  "A parent shall not be entitled to claim a child as a dependent if he or she has not paid all court-ordered child support for that year or if claiming the child as a dependent would not result in any tax benefit."  Colo. Rev. Stat. sec. 14-10-115 (14.5) (1998).  Ms. Miller alleged that Mr. Lovejoy had failed to pay all court-ordered child support for 1993 and 1994 and that this failure entitled her to the dependency exemptions under Colorado law.

At the conclusion of the trial, the parties were asked to brief the issue of whether the Permanent Orders qualified as a declaration signed by the custodial parent releasing the

---

[4]Respondent also was granted leave to amend his answer in Mr. Lovejoy's case to assert protectively that Mr. Lovejoy was not entitled to claim the dependency exemptions for the children if Ms. Miller's claim to the dependency exemptions was upheld.

dependency exemptions to the noncustodial parent under section 152(e)(2).

OPINION

A taxpayer may claim a dependency exemption for a child as long as the child meets the statutory definition of "dependent". Secs. 151(c)(1), 152(a)(1). Ordinarily, a taxpayer may claim a child as a dependent for a particular calendar year only if the taxpayer provides over half of the child's support during that calendar year. See sec. 152(a). However, special rules determine which parent may claim a minor child as a dependent where the parents are divorced or separated. See sec. 152(e).

Prior to 1985, the definition of dependent led to substantial controversy in cases involving divorced or separated taxpayers because determining which parent provided over one-half of a child's support presented difficult issues of proof and substantiation. See H. Rept. 98-432 (Part 2), at 1498 (1984). In 1984, Congress amended section 152(e) to simplify the rules for determining which parent properly may claim the dependency exemption(s) for Federal income tax purposes. See Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799.

The pertinent parts of section 152(e) as amended provide:

SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--

(1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

Under section 152(e) as amended, the custodial parent[5] is entitled to claim the dependency exemption with respect to his or her child unless one of three exceptions applies. See sec. 152(e); sec. 1.152-4T(a), Q&A-2, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Only one of the exceptions is at issue here--the custodial parent's release of the claim to exemption pursuant to section 152(e)(2).

Although section 152(e) was amended effective for years beginning after December 31, 1984, the only regulations promulgated with respect to section 152(e) since its amendment in 1984 are temporary regulations.[6] Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra, provides that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."

---

[5]In this opinion, we refer to the parent having physical custody for the greater part of the year as the custodial parent and to the parent who is not the custodial parent as the noncustodial parent. See sec. 152(e)(flush language).

[6]Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

The declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332. See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra. The exemption may be released for a single year, for a number of specified years, or for all future years "as specified in the declaration." Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., supra.

In this case, Mr. Lovejoy, the noncustodial parent, claimed the dependency exemptions for his minor children for each of the years at issue pursuant to a provision in the Permanent Orders which summarily stated that Mr. Lovejoy "shall claim both of [his] children on his tax returns as exemptions." At trial, Mr. Lovejoy testified that, although he did not ask Ms. Miller, the custodial parent, to complete or sign Form 8332, he did attach a copy of portions of the Permanent Orders to each of his returns for 1993 and 1994 prior to filing the returns.[7]

---

[7]The copies of Mr. Lovejoy's 1993 and 1994 returns, which were admitted into evidence as exhibits to the stipulation of facts, did not include any part of the Permanent Orders as attachments. Mr. Lovejoy explained this omission by pointing out that the stipulations were negotiated and agreed upon before any issue regarding the dependency exemptions was raised and that someone in the Service Center could have removed the attachments. In her opening statement, respondent's counsel acknowledged this was possible. We also note that the returns in evidence were incomplete in other ways. For example, the 1994 return was filed electronically. Although what purports to be the 1994 return in the record summarizes the information included on the electronically filed return, there is no signature page. In

(continued...)

The issue regarding the dependency exemptions was raised by Ms. Miller in a motion for leave to amend her petition shortly before trial. Ms. Miller has the burden of proof regarding her entitlement to the dependency exemptions in her case. See Rule 142(a). In Mr. Lovejoy's case, respondent moved to amend his answer to assert protectively that if Ms. Miller was entitled to claim the dependency exemptions, Mr. Lovejoy was not. Therefore, respondent bears the burden of proving that Mr. Lovejoy is not entitled to the dependency exemptions. See id.

We accept Mr. Lovejoy's testimony that he attached a copy of the relevant portions of the Permanent Orders to his income tax returns for the years at issue. We still must decide, however, whether attaching the Permanent Orders to Mr. Lovejoy's tax returns satisfied the requirements of section 152(e)(2) and section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra. The answer to the question depends upon whether the Permanent Orders qualify as a "written declaration" signed by Ms. Miller confirming that she will not claim the dependency exemptions with

[7](...continued)
order to file electronically, a taxpayer must sign and file Form 8453, U.S. Individual Income Tax Declaration for Electronic Filing, and transmit it with other paper documents that cannot be filed electronically. Form 8453 must be received by the Internal Revenue Service (IRS) before any electronically filed return is complete. See Rev. Proc. 94-11, 1994-1 C.B. 557, 558. Form 8453 for 1994 and the attachments to it were not made a part of the record at trial.

respect to her children for the years at issue.  See sec. 152(e)(2); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

The Written Declaration Requirement--Form 8332

Pursuant to the authority conferred upon it by section 152(e)(2) as amended, the Internal Revenue Service (IRS) issued Form 8332 to enable a noncustodial parent to satisfy the written declaration requirement of section 152(e)(2).  Form 8332 requires a taxpayer to furnish (1) the names of the children for which exemption claims were released, (2) the years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and the Social Security number of the parent claiming the exemption.  See Neal v. Commissioner, T.C. Memo. 1999-97; Paulson v. Commissioner, T.C. Memo. 1996-560; White v. Commissioner, T.C. Memo. 1996-438.

Satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2).  See Neal v. Commissioner, supra; Paulson v. Commissioner, supra; White v. Commissioner, supra.  Section 152(e)(2) expressly provides that the noncustodial parent may claim the dependency exemption for a child only if "the custodial parent signs a written declaration", sec. 152(e)(2)(A), and the

declaration is attached to the return of the noncustodial parent, see sec. 152(e)(2)(B). Form 8332 incorporates the statutory requirement; Form 8332 is valid only when signed by the custodial parent. By signing the document, the custodial parent affirmatively consents to the release of the dependency exemption to the noncustodial parent.

In this case, Mr. Lovejoy did not attach Form 8332 to his Federal income tax returns for 1993 or 1994. In fact, he did not even ask Ms. Miller to sign Form 8332. Instead, he attached portions of the Permanent Orders to his returns. As a result, unless the Permanent Orders qualify as a statement conforming to the substance of Form 8332, see sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984), Mr. Lovejoy has not satisfied the requirements of either section 152(e)(2) or the applicable regulation. We turn, therefore, to a review of the Permanent Orders.

The Written Declaration Requirement: Are the Permanent Orders a Statement Conforming to the Substance of Form 8332?

Comparing the Permanent Orders with Form 8332 reveals several differences between the two documents. Form 8332 requires a taxpayer, among other things, to furnish the years for which the claims were released, the signature of the custodial parent, the date of that signature, and the Social Security number of the custodial parent. By contrast, the Permanent

Orders do not list the years for which the dependency exemptions were released, and they do not bear either the signature of the custodial parent, Ms. Miller, or her Social Security number.

In order for a document to qualify as a statement conforming to the substance of Form 8332, it must contain substantially the same information required by Form 8332. In particular, the document must satisfy the signature requirement of section 152(e)(2). The signature of the custodial parent is critical to the successful implementation of Congress' plan to eliminate support-based disputes regarding dependency exemptions and to simplify the rules regarding when a noncustodial parent may claim the dependency exemptions for his or her children.

It is beyond debate that Ms. Miller did not sign the Permanent Orders. The Permanent Orders were executed by the State court judge and also were signed by petitioners' counsel signifying their approval as to form. Section 152(e)(2) requires the signature of the custodial parent. We must examine, therefore, whether either the execution of the Permanent Orders by the State court judge or the signing of the Permanent Orders by Ms. Miller's counsel as to form satisfies the signature requirement of section 152(e)(2).

<u>Is the Signature of the Custodial Parent's Attorney as to Form Sufficient To Satisfy the Signature Requirement of Sec. 152(e)(2)</u>?

The Permanent Orders were issued by the State court judge following a contested divorce hearing held over several days. The Permanent Orders were signed by petitioners' counsel as to form only. Although neither petitioner discussed whether the signature of the custodial parent's counsel approving the form of the Permanent Orders only is sufficient to satisfy the signature requirement of section 152(e)(2), we address the issue sua sponte.

Ms. Miller's attorney signed the Permanent Orders subject to a qualification which indicated that he was approving only the form of the Permanent Orders. The signature of counsel approving the form of a document ordinarily does not signify general consent to, and approval of, the substance of the document. See generally <u>Albright v. District Court</u>, 375 P.2d 685 (Colo. 1962) (Local rule required counsel to sign a pretrial order signifying his approval as to form <u>and</u> content. Counsel signed the pretrial order, approving it as to form only, in order to preserve all objections and exceptions made to the rulings of the court. The court held that approval of the content of the order pursuant to the local rules is an approval only of the recital of what transpired at the pretrial conference. Under the facts of the

case, such approval does not operate as a waiver of counsel's objections to the terms of the order or the application of substantive law in the order).  We believe that the signature of Ms. Miller's attorney in this case merely signified that Ms. Miller's attorney had reviewed and approved the form of the Permanent Orders while preserving Ms. Miller's right to appeal from the rulings reflected in the Permanent Orders.  See id.

The signature requirement of section 152(e)(2) demands more than simply an acknowledgment regarding form; the signature of the custodial parent must confirm the custodial parent's intention to release the dependency exemption to the noncustodial parent and signify her agreement not to claim the dependency exemption herself.  The signature of Ms. Miller's attorney approving the form of the Permanent Orders does not satisfy the mandate of section 152(e)(2).[8]

Is the Signature of the State Court Judge on the Permanent Orders Sufficient To Satisfy the Signature Requirement of Sec. 152(e)(2)?

Mr. Lovejoy's principal argument is that the Permanent Orders are sufficient to establish his entitlement to the dependency exemptions because the State court gave him the right to claim them on his tax returns.  Ms. Miller and respondent

---

[8]Our conclusion is limited to the facts of this case.  We do not decide whether there are any circumstances under which the signature of a custodial parent's attorney can ever satisfy the signature requirement of sec. 152(e)(2).

disagree, contending that, in order for a document to qualify under section 152(e)(2), the custodial parent must sign it. Although the Permanent Orders gave Mr. Lovejoy the right to claim the dependency exemptions, Mr. Lovejoy still had to satisfy the requirements of section 152(e)(2). According to Ms. Miller and respondent, Mr. Lovejoy failed to do so. We agree.

This Court consistently has held that section 152(e)(2) clearly and unambiguously requires the custodial parent to sign a written declaration releasing the dependency exemption for his or her child to the noncustodial parent. See Neal v. Commissioner, T.C. Memo. 1999-97; Paulson v. Commissioner, T.C. Memo. 1996-560; White v. Commissioner, T.C. Memo. 1996-438; Peck v. Commissioner, T.C. Memo. 1996-33. On several occasions we have rejected well-intentioned but flawed attempts to comply with section 152(e)(2). See Neal v. Commissioner, supra; Paulson v. Commissioner, supra; White v. Commissioner, supra; Peck v. Commissioner, supra. Even where a State court judge has entered an order "granting" the noncustodial parent the right to claim the Federal dependency exemption for his child and the noncustodial parent attached a copy of the order to his tax return, we have rejected the noncustodial parent's claim to the dependency exemption where the custodial parent failed to sign a written declaration as required by section 152(e). See Neal v. Commissioner, supra.

In <u>Neal</u>, the taxpayer, a noncustodial parent who had claimed dependency exemptions for all three of his children on his Federal income tax returns for the years at issue, supported his claim to the exemptions by attaching Forms 8332 (one for each child) and copies of the Decree of Dissolution and a State court order amending the decree. The decree as amended by the related order granted him the right to claim the dependency exemption for one of his children but was silent with respect to the other two children. The Forms 8332 were not signed by the custodial parent. He made no effort to obtain the signature of the custodial parent on the Forms 8332 or on any other document that might qualify as their substantive equivalent. The taxpayer in <u>Neal</u> relied on publications of the IRS which, he claimed, required only that the noncustodial parent attach to his returns a copy of the decree or order granting him the right to claim the dependency exemption for his child. The publications were not introduced into evidence. Based on certain testimony in the case, we assumed without deciding that the IRS's publications required the custodial parent to sign the pertinent decree or agreement. We concluded that, since neither the Forms 8332 nor the decree and order were signed by the custodial parent, the taxpayer did not satisfy the requirements of section 152(e)(2).

Unlike the taxpayer in <u>Neal</u>, Mr. Lovejoy does not rely on any IRS publication to support his claim to the dependency

exemptions.  Our review of the relevant IRS publications reveals that the guidance given to taxpayers for the years at issue is less than clear and may even be misleading regarding the effect of a State court decree on the ability of the noncustodial parent to claim the dependency exemption for his or her child.[9]

_____

[9]The IRS issued administrative guidance in the form of instructions to taxpayers to assist them in complying with the requirements of sec. 152(e)(2) for each of the years at issue. See Publications 501, Exemptions, Standard Deduction, and Filing Information (for use in preparing 1993 returns and 1994 returns), and Publications 504, Divorced or Separated Individuals (for use in preparing 1993 returns and 1994 returns).  Each of these publications states that the noncustodial parent is treated as the parent who gave more than half the child's support (and therefore is entitled to claim the dependency exemption for the child) if "The custodial parent signs a statement agreeing not to claim the child's exemption, and the noncustodial parent attaches this statement to his or her return".  In another section of the publications, the IRS addresses how a noncustodial parent who has been awarded the right to claim the dependency exemption for his or her child in a divorce decree or separation agreement may demonstrate his or her entitlement to the child's dependency exemption.  For example, in Publication 501, Exemptions, Standard Deduction, and Filing Information (for use in preparing 1993 returns), the IRS states as follows:

> Noncustodial parent.  The noncustodial parent will be treated as providing more than half of the child's support if:
>
> *     *     *     *     *     *     *
>
> 2)    A decree or agreement went into effect after 1984 and it unconditionally states that the noncustodial parent can claim the child as a dependent * * *

See also Publication 501, Exemptions, Standard Deduction, and Filing Information (for use in preparing 1994 returns), and Publication 504, Divorced or Separated Individuals, (for use in

(continued...)

Unfortunately, the fact that an IRS publication is unclear or inaccurate does not help the taxpayer. Well-established precedent confirms that taxpayers rely on such publications at their peril. Administrative guidance contained in IRS publications is not binding on the Government, nor can it change the plain meaning of tax statutes. See <u>Johnson v. Commissioner</u>, 620 F.2d 153 (7th Cir. 1980), affg. T.C. Memo. 1978-426 (Tax Information on Individual Retirement Savings Programs); <u>Carpenter v. United States</u>, 495 F.2d 175 (5th Cir. 1974) (Tax Guide for

---

[9](...continued)
preparing 1993 returns). None of these publications states how the signature requirement referenced earlier in the publications applies to the decree or agreement. In contrast, in Publication 504, Divorced or Separated Individuals, (for use in preparing 1994 returns) the IRS revised its guidance to taxpayers to clarify that the decree or agreement on which the noncustodial parent relies must contain the signature of the custodial parent:

Noncustodial Parent

Similar statement. If your divorce decree or separation agreement made after 1984 <u>unconditionally</u> states that you can claim the child as your dependent, you can attach to your return copies of the following pages from the decree or agreement instead of Form 8332:

1)    The cover page (write the other parent's social security number on this page),

2)    The page that unconditionally states you can claim the child as your dependent, and

3)    The signature page with the other parent's signature and the date of the agreement.

U.S. Citizens Abroad); <u>Adler v. Commissioner</u>, 330 F.2d 91, 93 (9th Cir. 1964), affg. T.C. Memo. 1963-196 (Your Federal Income Tax for Individuals). The authoritative sources of Federal tax law are the statutes, regulations, and judicial decisions; they do not include informal IRS publications. See <u>Zimmerman v. Commissioner</u>, 71 T.C. 367, 371 (1978), affd. 614 F.2d 1294 (2d Cir. 1979).

Section 152(e)(2) clearly requires that the custodial parent release the dependency exemption for a child by signing a written declaration to that effect in order for the noncustodial parent to claim the child's dependency exemption. The control over a child's dependency exemption conferred on the custodial parent by section 152(e)(2) was intended by Congress to simplify the process of determining who is entitled to claim dependency exemptions for children of a marriage. See H. Rept. 98-432 (Part 2), at 1498 (1984). To make section 152(e)(2) work as intended, that control must be preserved by insisting on adherence to the requirements of section 152(e)(2). Simply attaching a State court order that is not signed by the custodial parent to the return of the noncustodial parent does not satisfy the express statutory requirements of section 152(e)(2)(A). Although the Permanent Orders granted Mr. Lovejoy the right to claim the dependency exemptions for his children, a State court cannot determine issues of Federal tax law. See <u>Kenfield v. United</u>

States, 783 F.2d 966 (10th Cir. 1986)); White v. Commissioner, T.C. Memo. 1996-438 (citing with approval Commissioner v. Tower, 327 U.S. 280 (1946)).

Ms. Miller's contention that she was entitled to claim the dependency exemptions for her two children originally was based on a section of the UDMA[10] which provides:  "A parent shall not be entitled to claim a child as a dependent if he or she has not paid all court-ordered child support for that year".  Colo. Rev. Stat. sec. 14-10-115 (14.5) (1998).  Ms. Miller contended that Mr. Lovejoy did not comply with his child support obligations, and, therefore, under the operative provisions of the UDMA, he forfeited his right to the dependency exemptions arguably awarded to him by the Permanent Orders.  If we accepted Ms. Miller's statement of the issue, we would find ourselves in the middle of a child support fight similar to that which Congress intended to remove from the Federal courts when it amended section 152(e) in 1984.  Instead, we have framed the issue as it should be framed: Did the noncustodial parent do what was necessary to satisfy section 152(e)(2)?  Because we conclude that he has not done so in this case, we need not decide the child support dispute presented to us by Ms. Miller.[11]

_____

[10]Colo. Rev. Stat. secs. 14-10-101 through 14-10-133 (1998).

[11]It is questionable whether State law can impose the
(continued...)

Since Mr. Lovejoy did not satisfy the requirements of section 152(e)(2), he is not entitled to claim the dependency exemptions with respect to his children for either 1993 or 1994.[12] As the custodial parent, Ms. Miller is entitled to the exemptions under Federal law.

We have carefully considered all remaining arguments made by the parties for a result contrary to that expressed herein, and, to the extent not discussed above, find them to be irrelevant or without merit.

---

[11](...continued) additional requirement that the noncustodial parent timely pay his child support obligations in order to claim the dependency exemption for a minor child under sec. 152(e)(2). See U.S. Const. art. VI, sec. 2; Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); White v. Commissioner, T.C. Memo. 1996-438 (citing Commissioner v. Tower, 327 U.S. 280 (1946)); Nieto v. Commissioner, T.C. Memo. 1992-296; see also Bittker & Lokken, Federal Taxation of Income, Estates and Gifts, par. 4.1.1, at 4-6 and 4-7 (3d ed. 1999).

[12]However, Mr. Lovejoy may have a remedy in State court. See Colo. Rev. Stat. sec. 14-10-115 (14.5) (1998) which provides, in part, that "A parent shall not be entitled to claim a child as a dependent * * * if claiming the child as a dependent would not result in any tax benefit."

To reflect the foregoing, the prior opinion in these cases, and the concessions by the parties,

<u>Decisions will be entered under Rule 155.</u>