T.C. Summary Opinion 2005-169

UNITED STATES TAX COURT

MICHAEL T. AND KATHLEEN L. SCHULTHEISS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10376-04S.          Filed November 15, 2005.

Michael T. and Kathleen L. Schultheiss, pro sese.

<u>Michael J. Proto</u> and <u>Debra Reale</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  The decision
to be entered is not reviewable by any other court, and this
opinion should not be cited as authority.  Unless otherwise
indicated, all subsequent section references are to the Internal
Revenue Code in effect at relevant times, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,230 in petitioners' Federal income tax for 2002. The issue is whether petitioners are entitled to claim dependency exemption deductions under section 151 for three children of petitioner, Michael T. Schulteiss (petitioner). At the time the petition was filed, petitioners resided in Warwick, Rhode Island.

## Background

This case was submitted fully stipulated pursuant to Rule 122. Petitioner was previously married to Mrs. Lisa Friemark. During their marriage, petitioner and Mrs. Friemark had three children: MAS,[1] KES, and SMS (children). Petitioner and Mrs. Friemark were divorced on December 29, 1997, pursuant to a Final Judgment of Divorce (divorce decree) entered by the Family Court for Washington County, State of Rhode Island.

In accordance with the divorce decree, petitioner and Mrs. Friemark were awarded joint legal custody of the minor children. Mrs. Friemark was given primary physical custody of the children (custodial parent). Petitioner and Mrs. Friemark agreed to the following provision for claiming the children as dependents for Federal income tax purposes:

> That the parties shall share those tax deductions allowable as to the minor children, and Husband shall be permitted to claim all three children in the event that Wife would not benefit from use of a deduction, e.g., if she has not earned sufficient taxable income.

---

[1] The Court uses the initials of minor children.

Petitioners filed a Federal income tax return for tax year 2002, as married filing jointly. Petitioners claimed dependency exemption deductions for the children. Mrs. Friemark also claimed dependency exemption deductions for the children on a jointly filed Federal income tax return for tax year 2002.

Respondent disallowed petitioners' claimed dependency exemption deductions and issued a notice of deficiency to petitioners on March 29, 2004. Petitioners filed a timely petition on June 15, 2004.

Petitioner asserts that he is entitled to claim dependency exemption deductions for the children in any year in which Mrs. Friemark would not "benefit" from claiming the deductions. Respondent disagrees.

## Discussion

A taxpayer may be entitled to claim as a deduction an exemption amount for each of his or her dependents. Sec. 151(c). An individual must meet the following five tests in order to qualify as a dependent of the taxpayer: (1) Support test; (2) relationship or household test; (3) citizenship or residency test; (4) gross income test; and (5) joint return test. Secs. 151 and 152. If the individual fails any of these tests, he or she does not qualify as a dependent.

As to the support test, a taxpayer generally must provide more than half of a claimed dependent's support for the calendar

year in which the taxable year of the taxpayer begins.  Sec. 152(a).  In the case of a child of divorced parents, if the child is in the custody of one or both of his parents for more than one-half of the calendar year and receives more than half his support during that year from his parents, such child shall be treated, for purposes of section 152, as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (the custodial parent).  Sec. 152(e)(1).  Custody is determined by the terms of the most recent decree of divorce or subsequent custody decree, and "will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Sec. 1.152-4(b), Income Tax Regs.

A custodial parent may release claim to the exemption pursuant to the provisions of section 152(e)(2), which provides:

> SEC. 152(e).  Support Test in Case of Child of Divorced Parents, Etc.--
>
> *    *    *    *    *    *    *
>
> (2)  Exception where custodial parent releases claim to exemption for the year.--A child * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--
>
> > (A)  the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as

> a dependent for any taxable year
> beginning in such calendar year,
> and
>
>> (B)  the noncustodial parent
>> attaches such written declaration
>> to the noncustodial parent's return
>> for the taxable year beginning
>> during such calendar year.
>
> For purposes of this subsection, the term
> "noncustodial parent" means the parent who is
> not the custodial parent.

The temporary regulations promulgated with respect to section 152(e) provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year."[2]  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984); see Miller v. Commissioner, 114 T.C. 184, 188-189 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332, Release of Claim to Exemption for Child of

---

[2]  Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

Divorced or Separated Parents, or on a statement conforming to the substance of Form 8332.  Miller v. Commissioner, supra at 189.

Form 8332 requires a taxpayer to furnish:  (1) The names of the children for which exemption claims were released; (2) the years for which the claims were released; (3) the signature of the custodial parent confirming his or her consent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption.  Id. at 190.

Although petitioner and Mrs. Friemark have joint legal custody of the children, Mrs. Friemark has physical custody, and she is deemed to be the custodial parent for purposes of section 152(e).  Petitioner, as the noncustodial parent, is not entitled to the claimed dependency exemption deductions unless he complied with the provisions of section 152(e)(2) and the regulations thereunder by attaching to his return a written declaration or Form 8332 executed by Mrs. Friemark.  Petitioner did not attach such a declaration or Form 8332 to his return, and accordingly he is not entitled to the dependency exemption deductions for the children for the 2002 taxable year.

Petitioners further argue that they are entitled to the dependency exemption deductions because of the terms of the

divorce decree which provided that petitioner would be entitled to claim the children as dependents if Mrs. Freimark did not "benefit" from the use of the deduction. We need not and do not consider the contingency described in the divorce decree. As described above, section 152(e) provides that the custodial parent is entitled to the exemption unless the noncustodial parent fits within one of the exceptions. We previously explained that petitioners do not come within the exception under section 152(e)(2). Petitioners do not fit within any of the other exceptions.[3]

For the reasons set forth herein, respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

---

[3] While sec. 152(e)(4) permits a noncustodial parent to claim an exemption under specific circumstances, said section applies only to qualified pre-1985 instruments. The divorce decree was entered in 1997.