T.C. Summary Opinion 2007-170

UNITED STATES TAX COURT

NEIL J. NORMAN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22077-05S.          Filed September 25, 2007.

Neil J. Norman, pro se.

John D. Davis and Thomas D. Travers, for respondent.

WHERRY, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as in effect for the year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

This case is before the Court on a petition for judicial review of a notice of deficiency. The issues for decision are whether petitioner is entitled to two dependency exemption deductions and a child tax credit.

## Background

Some of the facts have been stipulated by the parties. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed petitioner resided in Malad City, Idaho.

Petitioner has two daughters, JN1 and JN2.[2] Petitioner divorced his former spouse, the mother of his two daughters, by a Judgment and Decree of Divorce issued by the District Court of the Fifth Judicial District of Montana, Madison County, on May 5, 1993. The Judgment and Decree of Divorce provided that petitioner's former spouse was the custodial parent, but "as long as * * * [petitioner] remains current on his child support obligations, he shall be entitled to both children as exemptions for tax purposes. Should he become delinquent, the * * * [petitioner's former spouse] may claim both children." For

---

[2]The Court will refer to the minor children by their initials and numbers 1 for the older daughter and 2 for the younger daughter as their initials are the same.

taxable year 2003, petitioner was current on his child support obligations.

Petitioner filed timely Form 1040A, U.S. Individual Income Tax Return, for 2003, on which he claimed dependency exemptions for both of his daughters, and a child tax credit for JN2. Petitioner attached to his 2003 Federal income tax return select nonsequential pages of the Judgment and Decree of Divorce that reflected that petitioner was entitled to the dependency exemptions for JN1 and JN2 if petitioner was current on his child support obligations. The attachment was not signed by petitioner's former spouse. Petitioner's former spouse also claimed dependency exemptions for JN1 and JN2 on her 2003 Federal income tax return.

The notice of deficiency was sent to petitioner on August 22, 2005, and showed a deficiency of $2,125 for taxable year 2003. In the notice of deficiency, respondent disallowed the two dependency exemptions and the child tax credit. In response, petitioner submitted to respondent Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, dated October 20, 2005. Petitioner's former spouse signed Part I, Release of Claim to Exemption for Current Year, and indicated the release was effective for taxable year 2003. Neither this nor any other Form 8332 was attached to petitioner's 2003 Federal income tax return. Petitioner filed a timely

petition with this Court, and a trial was held in Pocatello, Idaho, on August 28, 2006.

## Discussion

### I. Burden of Proof

Deductions are a matter of legislative grace, and the taxpayer must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, pursuant to section 7491(a)(1), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue". The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Internal Revenue Code and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Sec. 7491(a)(2). In the instant case, petitioner did not comply with the substantiation requirements when his 2003 Federal income

tax return was filed.  Accordingly, the burden remains on petitioner.

II.  Dependency Exemption Deductions

Section 151 allows a taxpayer to deduct a personal exemption, as well as dependency exemptions for the taxpayer's dependents.  Sec. 151(a), (c).  Section 152(a) defines "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose financial support for the taxable year was received from the taxpayer.  The claimed individuals, JN1 and JN2, are petitioner's daughters.  "Support" is defined as including "food, shelter, clothing, medical and dental care, education, and the like."  Sec. 1.152-1(a)(2)(i), Income Tax Regs.

In the case of a child of divorced parents, if the child receives over half of her support from her parents who are divorced under a decree of divorce, and the child is in the custody of one or both of her parents for more than one-half of the taxable year, then the child will be treated as receiving over half of her support from the parent having custody for a greater portion of the calendar year (custodial parent).  Sec. 152(e)(1).  Petitioner's former spouse was the custodial parent of JN1 and JN2 for 2003.

The noncustodial parent is entitled to claim the dependency exemption deduction if one of three exceptions in section 152(e)

applies. If an exception applies, then the noncustodial parent, in the instant case petitioner, is treated as providing over half of the child's support. Section 152(e)(2) provides that if "the custodial parent signs a written declaration" that the custodial parent will not claim the child as a dependent, and the noncustodial parent attaches the written declaration to his or her Federal tax return for the taxable year, the noncustodial parent is entitled to the dependency exemption deduction for that taxable year.

The written declaration required under section 152(e)(2) must be made either on a completed Form 8332 or on a statement conforming to the substance of Form 8332. Miller v. Commissioner, 114 T.C. 184, 189 (2000); see sec. 1.152-4(e)(3), Income Tax Regs.; sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). Form 8332 must be attached to the noncustodial parent's Federal income tax return at the time of filing. See Presley v. Commissioner, T.C. Memo. 1996-553. Petitioner did not attach Form 8332 to his filed 2003 Federal income tax return. Petitioner's former spouse did not execute Form 8332 for taxable year 2003 until October 20, 2005.

Petitioner did attach to his 2003 Federal income tax return select nonsequential pages from the Judgment and Decree of Divorce. The attachment did not bear the signature of petitioner's former spouse. When a noncustodial parent attaches

to his or her Federal income tax return an order of a divorce court allowing the noncustodial parent the dependency exemption deduction for a dependent, section 152(e)(2) is satisfied only if there is an accompanying signature of the custodial parent agreeing to the release of the dependency exemption deduction that specifies the year or years that the release is effective. Miller v. Commissioner, supra at 195-196. In the absence of the custodial parent's signature, the attachment of an order of a divorce court allowing the noncustodial parent the dependency exemption deduction does not satisfy the requirements of section 152(e)(2). Id.

Petitioner has not satisfied the requirements of section 152(e) for 2003. Accordingly, respondent is sustained in disallowing petitioner's dependency exemption deductions for his two children for taxable year 2003.

III. Child Tax Credit

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. As relevant to these particular facts, a "qualifying child" means, inter alia, an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A). This Court has concluded that petitioner is not entitled to a dependency exemption deduction under section 151 for JN2 for taxable year 2003. Accordingly, JN2 does not fit within the meaning of

"qualifying child" as defined by section 24(c).  Thus, the Court concludes that petitioner is not entitled to a child tax credit for JN2 for taxable year 2003.

The Court has considered all of petitioner's contentions, arguments, requests, and statements.  To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.