T.C. Summary Opinion 2010-56

UNITED STATES TAX COURT

ANGELA J. BROWN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7066-09S.                Filed April 29, 2010.

Angela J. Brown, pro se.

<u>Melanie E. Senick</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether petitioner is entitled to a dependency exemption deduction for her daughter for 2006.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. When petitioner filed her petition, she resided in the State of Washington.

Petitioner timely filed Form 1040, U.S. Individual Income Tax Return, for 2006 and claimed a dependency exemption deduction for her daughter, SWB.[1] Petitioner was not the custodial parent of SWB for 2006, and she did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or its equivalent, to her Form 1040.

In 2006 SWB did not reside with petitioner but resided with her father. SWB's father also claimed SWB as a dependent on his 2006 Federal income tax return.

Respondent issued a notice of deficiency on January 30, 2009, disallowing petitioner's claimed dependency exemption deduction for SWB.

---

[1]The Court refers to minor children by their initials. Rule 27(a)(3).

## Discussion

### I.  Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[2]  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### II.  Dependency Exemption Deductions

Section 151(c), in pertinent part, allows a taxpayer to claim as a deduction the exemption amount for each individual who is a "dependent" of the taxpayer as defined in section 152 and who is the taxpayer's child and satisfies certain age requirements.

Section 152(a) defines "dependent" to mean a qualifying child or a qualifying relative of the taxpayer.  In the case of divorced or separated parents, section 152(e)(1) provides that when a child is in the custody of one parent for over one-half of the year, the child is treated as being the qualifying child or qualifying relative of the noncustodial parent only if the requirements of section 152(e)(2) or (3) are met.

---

[2]Petitioner has not claimed or shown that she meets the requirements under sec. 7491(a) to shift the burden of proof to respondent as to any factual issue relating to her liability for tax.

Section 152(e)(2) provides: "if * * * the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe)" that he or she will not claim the child as a dependent and the noncustodial parent attaches the written declaration to his or her return for the taxable year, then the noncustodial parent is entitled to the dependency exemption  deduction.  For purposes of section 152(e)(2), the term "noncustodial parent" means the parent who is not the custodial parent.  See sec. 152(e)(4).

The written declaration may be made on a form provided by the Internal Revenue Service or a document that conforms to its substance.  Miller v. Commissioner, 114 T.C. 184, 190-191 (2000) (citing sec. 1.152- 4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984)); see also Neal v. Commissioner, T.C. Memo. 1999-97.  The written declaration is embodied in Form 8332, and it incorporates the requirements of section 152(e)(2). Miller v. Commissioner, supra at 190.

Petitioner does not contest failing to attach a valid Form 8332, or its equivalent, to her 2006 return.  Instead, she provided a copy of Form 8332 dated February 13, 2009, purportedly signed by the custodial parent, and asks the Court to retroactively apply it to her 2006 return.  Respondent, however, also provided a copy of Form 8332, signed by the custodial parent, which purports to release the claim for exemption for

future years but on the line for the name of the child to which it relates is the stamped language "Revoked Effective 29 January 2009". Petitioner admitted that the signature on the Form 8332 respondent provided is the signature of the custodial parent.

Section 152(e) grants the dependency exemption to a noncustodial parent only where he or she attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year for which he or she claims the exemption. See Presley v. Commissioner, T.C. Memo. 1996-553. Petitioner did not attach a valid Form 8332 to her 2006 return, and it is impossible to determine, based on the record, whether the custodial parent executed a valid Form 8332 or intended to revoke a prior Form 8332. Accordingly, we sustain respondent's disallowance of the dependency exemption deduction for SWB for 2006.

To reflect the foregoing,

Decision will be entered for respondent.