T.C. Summary Opinion 2010-122


UNITED STATES TAX COURT


MARK ANTONY MIHALICK-JAROSAK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9869-09S.                  Filed August 23, 2010.


Mark Antony Mihalick-Jarosak, pro se.

Fred E. Green, Jr., for respondent.


MARVEL, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

[1]Subsequent section references are to the Internal Revenue
Code, as amended, in effect for the relevant period.

this opinion shall not be treated as precedent for any other case.

By notice of deficiency dated February 9, 2009, respondent determined an income tax deficiency of $1,510 with respect to petitioner's 2007 taxable year. The deficiency was attributable to the disallowance of a dependency exemption deduction and a child tax credit that petitioner had claimed with respect to his minor son, JV,[2] on his Federal income tax return for 2007.

Petitioner filed a timely petition contesting respondent's determination. The sole issue for decision is whether petitioner was entitled to claim a dependency exemption deduction and a child tax credit with respect to JV on his 2007 return.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed petitioner resided in Nevada.

Petitioner served in the U.S. military with distinction for many years. On April 21, 1996, petitioner married Victoria Jarosak (Ms. Jarosak). JV is the minor child of the marriage.

The marriage did not last. In May 2002 petitioner and Ms. Jarosak, who apparently were living in Colorado at the time, entered into a separation agreement, which in pertinent part provided that petitioner would pay Ms. Jarosak $555 per month as support for JV. The support was to be paid through the Colorado

---

[2]The Court refers to minor children by their initials.

Family Support Registry.  The separation agreement also provided as follows:

> Father shall be allowed to claim the minor child as a dependent and exemption for purposes of state and federal income taxes in the odd numbered years beginning in 2002. Mother shall be allowed to claim the minor child as a dependent and exemption for purposes of state and federal income taxes in the even numbered years beginning in 2002. Father may only claim the minor child as a dependent and exemption when his child support obligation is current and paid up-to-date.  If an arrearage exists, Father will not be entitled to claim the minor child.

The separation agreement awarded "sole parental responsibility" for JV to Ms. Jarosak, who was designated the "primary residential parent", but required Ms. Jarosak to include petitioner "in all decisions for the child" as defined in paragraph 15 of the agreement and established a parenting schedule that included regular visits by JV with petitioner.  The agreement required petitioner and Ms. Jarosak to cooperate with each other and reflected their understanding that it was in JV's best interests for them to maintain a friendly and harmonious relationship as parents.

Shortly after petitioner and Ms. Jarosak separated and/or divorced, Ms. Jarosak left with JV, and petitioner has not seen or visited with JV since that time, a period of at least 7 years. Because of this action, petitioner for some period refused to pay child support, resulting in a child support arrearage.  At some point petitioner began to pay child support,  and he paid child

support during 2007.  Petitioner was still in arrears with his child support payments in 2007.

When petitioner filed his Federal income tax return for 2007, he claimed a dependency exemption deduction and a child tax credit with respect to JV.  In the notice of deficiency respondent determined that petitioner was not entitled to the dependency exemption deduction or the child tax credit because petitioner did not establish that he was entitled to claim them.  Petitioner filed a petition contesting respondent's determination.

Discussion

Dependency Exemption Deduction

Section 151(c) permits a taxpayer to deduct an exemption for each dependent as that term is defined under section 152.  Section 152 provides that a dependent must be either a qualifying child or a qualifying relative.

Section 152(c)(1) defines a qualifying child as a child who bears a specified relationship[3] to the taxpayer, who lived with the taxpayer for more than one-half of the tax year at issue, and who did not provide more than one-half of his or her own support during the tax year.  A qualifying child must be less than 19

---

[3]For purposes of sec. 152(c)(1)(A), a child satisfies the relationship requirement if the child is a child of the taxpayer or a descendant of such child, or a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative.  Sec. 152(c)(2).

years old, a student who is less than 24 years old, or permanently and totally disabled. Sec. 152(c)(3).

There is no dispute between the parties about whether JV satisfies the age and relationship requirements of section 152. During 2007 JV, who was petitioner's biological son, was a minor. However, respondent contends that petitioner has not satisfied the other requirements of section 152 or otherwise shown that he was entitled to claim the dependency exemption deduction for JV for 2007.

Section 152(e) sets forth a special rule for divorced parents that supersedes the residency and support requirements of section 152(c)(1)(B). Section 152(e)(1) provides that notwithstanding those requirements, if a child receives over one-half of his support during the calendar year from his parents who are divorced, legally separated, separated under a written separation agreement, or live apart at all times during the last 6 months of the relevant calendar year, and the child is in the custody of one or both of his parents for more than one-half of that year, the child will be treated as being the qualifying child of the noncustodial parent[4] if the requirements of either

---

[4]Sec. 152(e)(4)(B) defines "noncustodial parent" to mean the parent who is not the custodial parent. Sec. 152(e)(4)(A) defines "custodial parent" to mean the parent having custody for the greater portion of the calendar year. Under the written separation agreement, Ms. Jarosak was the custodial parent, and petitioner was the noncustodial parent.

section 152(e)(2) or (3)[5] are met.  Section 152(e)(2) permits the noncustodial parent to claim the dependency exemption deduction with respect to his or her child if the custodial parent signs a written declaration that the custodial parent will not claim the child as a dependent for that year and the noncustodial parent attaches the written declaration to his return for the taxable year.

Because petitioner is a noncustodial parent whose claim to the dependency exemption deduction for JV is predicated on a provision in the written separation agreement, the special rule in section 152(e)(2) controls whether petitioner is entitled to the dependency exemption deduction.  In order for a noncustodial parent to be entitled to a dependency exemption deduction under section 152(e)(2), the noncustodial parent must have attached to his or her return either a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or a document conforming in substance to Form 8332.  See Miller v. Commissioner, 114 T.C. 184 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Petitioner testified that he thought he attached a copy of the written separation agreement to his return, but neither party introduced a copy of the return into evidence.  We shall assume

---

[5]Sec. 152(e)(3) sets forth a special rule that applies to qualified pre-1985 instruments and is not applicable here.

for purposes of this opinion that petitioner attached a copy of the separation agreement to his return and that the separation agreement was the substantial equivalent of Form 8332.

The separation agreement conferred on petitioner, who was the noncustodial parent, only a conditional right to claim the dependency exemption deduction for JV in odd-numbered years.  The separation agreement provided that petitioner could exercise that right only if he were current on his child support payments.  We have held that a written separation agreement that gives the noncustodial parent only a conditional right to claim the dependency exemption deduction does not satisfy the requirements of section 152(e).  See, e.g., Gessic v. Commissioner, T.C. Memo. 2010-88.  In addition, petitioner was behind in his child support payments during 2007, and under the terms of the separation agreement he was not entitled to claim the dependency exemption deduction with respect to JV even if he did satisfy all of the other requirements of section 152.  Consequently, we sustain respondent's determination disallowing the dependency exemption deduction.[6]

---

[6]Petitioner, who as of the date of trial was not employed and was living out of his truck, testified that he had a child support arrearage in 2007; and after reviewing the separation agreement with the Court, he seemed to agree that he was not entitled to claim the dependency exemption deduction for JV on his 2007 return.

Child Tax Credit

Section 24(a) authorizes a credit per child against an individual taxpayer's income tax with respect to each qualifying child of the taxpayer. The amount of the credit is adjusted on the basis of the taxpayer's modified adjusted gross income, as that term is defined in section 24(b)(1), and is phased out completely when the taxpayer's modified adjusted gross income exceeds by a certain amount the applicable threshold amount, as defined by section 24(b)(2).

Section 24(c)(1) defines the term "qualifying child" to mean a qualifying child of the taxpayer as defined by section 152(c) who has not attained the age of 17. Because JV was not a qualifying child of petitioner under section 152(c) during 2007, he was not a qualifying child of petitioner under section 24. We sustain respondent's determination disallowing petitioner's claimed child tax credit.

To reflect our disposition of the disputed issues,

Decision will be entered

for respondent.