T.C. Summary Opinion 2002-107


UNITED STATES TAX COURT


NATHANIEL CARTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No 10582-01S.          Filed August 12, 2002.


Nathaniel Carter, pro se.

<u>Michelle M. Lippert</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $1,878 in petitioner's Federal income tax for 1997.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction; (2) whether petitioner is entitled to head of household filing status;[1] and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Akron, Ohio.

Petitioner has two children, Deonté Carter and Nathaniel Carter, Jr. (Junior). Junior was born in 1981, and Deonté was born in April 1997. Petitioner was divorced from Junior's mother, Charlene Clay, in 1986. Ms. Clay was awarded custody of Junior when they were divorced. Petitioner and Deonté's mother, Angela Pearson, were not married. During 1997 Ms. Pearson resided at 2551 Shoreline Drive, Akron, Ohio. In 1997, Deonté spent an unspecified amount of time with both petitioner and Ms. Pearson. Petitioner took care of Deonté when Ms. Pearson was at work.

---

[1] Our resolution of the issue of petitioner's filing status will determine the correct computation of his standard deduction for the year at issue.

Petitioner claimed dependency exemption deductions for Deonté and Junior on his 1997 Federal income tax return. He also claimed head of household filing status and an earned income credit as an eligible individual with two or more qualifying children. Respondent issued a notice of deficiency determining that petitioner was not entitled to the dependency exemption deduction for Junior, head of household filing status, and earned income credit because he failed to provide substantiation for his claims.

The first issue we address is whether petitioner is entitled to a dependency exemption deduction for Junior. Deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate their claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Under section 7491(a)(1), however, the burden of proof shifts to the Commissioner if, among other requirements, the taxpayer introduces "credible evidence with respect to any factual issue relevant to ascertaining" his

liability for the tax deficiency at issue. We find that the burden of proof does not shift to respondent because petitioner has failed to comply with the requirements of section 7491(a)(1).

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent as defined in section 152. Section 152(a)(1) defines a "dependent" to mean a son or daughter of the taxpayer if over half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

Section 152(e) provides a special rule in the case of a child of divorced parents. Section 152(e)(1) provides that, if the child receives over half of his support from his parents and he or she is in the custody of one or both of his parents for more than half of the year, then the child is treated as receiving over half of his support from the custodial parent. Because Ms. Clay was awarded custody of Junior in the 1986 divorce decree, she is the custodial parent. Sec. 1.152-4(b), Income Tax Regs.

Pursuant to section 152(e)(2), the child is treated as receiving over half of his or her support from the noncustodial parent only if the custodial parent signs a written declaration that the custodial parent will not claim the child as a dependent and the noncustodial parent attaches the declaration to the noncustodial parent's return. The declaration required by

section 152(e)(2)(A) must be made either on Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of that form.  Id.; Miller v. Commissioner, 114 T.C. 184, 189 (2000).

In the present case, Ms. Clay, as the custodial parent, did not sign Form 8332 or any written declaration or statement agreeing not to claim an exemption for Junior, and no such form, declaration, or statement was attached to petitioner's return for the year in issue.  It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply.  Accordingly, petitioner is not entitled to a deduction for a dependency exemption for Junior for 1997.  Sec. 152(e)(1); Miller v. Commissioner, supra.

Section 1(b) imposes a special tax rate on individuals filing as "heads of households".  "Head of household" is defined in section 2(b) as an unmarried individual whose household is maintained as the principal place of abode for specific family members.  If petitioner provided over half the cost of maintaining as his home a household that for more than one-half the year was either of his sons' principal place of abode, he meets the head of household definition in section 2(b)(1).

Petitioner has not demonstrated that he maintained such a household.  If petitioner lived with Ms. Pearson at the Shoreline Drive residence he would not be eligible for head of household

filing status.  Sec. 2(b)(1).  Petitioner did not argue that he provided over half of the cost of maintaining the residence at Shoreline Drive during the taxable year and no evidence in the record would substantiate such a claim.  Thus, we are able to conclude that Ms. Pearson provided over half the cost of maintaining the Shoreline Drive residence.

Petitioner testified that he maintained a separate residence on "Britain Road" from 1994 until November 1997.  Petitioner's testimony runs counter to the majority of the evidence in the record.  All of the written evidence presented indicates that, in 1997, Petitioner, Ms. Pearson, and Deonté resided together at the Shoreline Drive residence.  Petitioner failed to provide any documentation of the existence of a residence aside from the one on Shoreline Drive.  Even if this Court finds that there was a Britain Road residence, petitioner failed to show that it served as the principal place of abode for either of his children.  Id.

Petitioner has failed to convince this Court that he provided over half the cost of maintaining a principal place of abode for more than one-half of 1997 for either Deonté or Junior. See sec. 1.2-2(d), Income Tax Regs.  The Court thus holds that petitioner is not entitled to head of household filing status.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) and (b) limits the credit allowed based on

whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children. To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish that the child bears the relationship to the taxpayer prescribed by section 32(c)(3)(B), the child meets the age requirements of section 32(c)(3)(C), and the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

If petitioner, Ms. Pearson, and Deonté all resided together at the Shoreline Drive residence, then Ms. Pearson was eligible to take the earned income credit with Deonté as her qualifying child, and Deonté cannot also qualify petitioner for the earned income credit with one qualifying child. See sec. 32(c)(1)(C); Sutherland v. Commissioner, T.C. Memo. 2001-8. Petitioner conceded that Ms. Pearson had a higher gross income than he did. That concession would make petitioner ineligible for the deduction if we were to find that he lived with Ms. Pearson. Sec. 32(c)(1)(C). Assuming, however, that petitioner resided at the Britain Road residence, he failed to substantiate that it served as Deonté's principal place of abode. Sec. 32(c)(3)(A)(ii). Thus, regardless of where petitioner resided, he has no qualifying children for purposes of the earned income credit.

Petitioner also is not eligible for the earned income credit as an individual with no qualifying children under section 32(c)(1)(A)(ii) because his adjusted gross income in 1997 was in excess of the complete phaseout amount prescribed by section 32(a)(2). The earned income credit is completely phased out for individuals with no qualifying children and adjusted gross income in excess of $9,769 for 1997. See sec. 32(a) and (b); see also Rev. Proc. 96-59, 1996-2 C.B. 392, 394-395. Petitioner had adjusted gross income of $17,635 in 1997. The Court holds, therefore, that petitioner is not entitled to an earned income credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.