T.C. Summary Opinion 2002-142


UNITED STATES TAX COURT


JOSE ANTONIO RIOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8302-01S.          Filed November 1, 2002.


Jose Antonio Rios, pro se.

<u>Travis Vance III</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax for 1998 of $1,610. After concessions,[1] the issues that remain for decision are: (1) Whether petitioner is entitled to claim an additional dependency exemption deduction; (2) whether petitioner is entitled to claim an additional child tax credit; and (3) whether petitioner qualifies for head of household filing status.

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Athens, Georgia.

### Background

Petitioner and Terri Butler Chandler were never married. Mrs. Chandler is Grant J. Butler's mother. On May 9, 1994, the Superior Court of Athens-Clarke County, Georgia, adjudged that petitioner is Grant's father and ordered petitioner to pay monthly child support of $500, provide major-medical insurance for Grant, and pay $17,000 in past due child support at a rate of 12-percent interest. Petitioner began making the $500 monthly child-support payments. During 1998, petitioner paid $15,386

---

[1] In the notice of deficiency, respondent determined that petitioner was not entitled to deductions for two dependency exemptions, two child tax credits, and head of household filing status. During the appeal process, respondent conceded that petitioner is entitled to deduct an amount for one dependency exemption and claim one child tax credit.

towards the child-support arrearage. Petitioner is appealing the superior court's decision. For purposes of this case, however, the Court assumes that petitioner is Grant's biological father.

Petitioner timely filed his 1998 Federal income tax return as head of household and reported income of $44,417. Petitioner claimed a dependency exemption deduction and a child tax credit, naming Grant as his "qualifying child". Respondent issued a notice of deficiency determining that petitioner is not entitled to head of household filing status, the dependency exemption deduction, or the child tax credit because he failed to substantiate his claims.

## Discussion

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. The Court decides this case without regard to the burden of proof. Accordingly, the Court need not decide whether current section 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

## 1. Dependency Exemption Deduction

Section 151(c) allows a taxpayer to deduct an exemption amount for each "dependent" as defined in section 152. Section 152(a) defines a dependent to include a son or daughter of the

taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

Section 152(e) provides a special rule in the case of a child of parents who lived apart at all times during the last 6 months of the calendar year. Section 152(e)(1) provides that, if the child receives over half of his support from his parents and he is in the custody of one or both of his parents for more than half of the year, then the child is treated as receiving over half of his support from the custodial parent. In the case of the remarriage of a parent, such as Mrs. Chandler, support of a child received from the parent's new spouse is treated as received from the parent. Sec. 152(e)(5).

Section 152(e)(1)(B) provides that the custodial parent is the parent who had custody of the child for the greater portion of the calendar year. Petitioner testified that he has not seen Grant for 8 years and that Grant did not live with him at any time during 1998. Because Mrs. Chandler had custody of Grant for the greater portion of 1998, she is the custodial parent. See sec. 152(e)(1)(B).

Pursuant to section 152(e)(2), the child is treated as receiving over half of his or her support from the noncustodial parent only if the custodial parent signs a written declaration

that the custodial parent will not claim the child as a dependent and the noncustodial parent attaches the declaration to the noncustodial parent's return.  The declaration required by section 152(e)(2)(A) must be made either on Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to the substance of that form.  Sec. 152(e)(2); Miller v. Commissioner, 114 T.C. 184, 189 (2000).

In the present case, Mrs. Chandler, as the custodial parent, did not sign Form 8332 or any written declaration or statement agreeing not to claim an exemption for Grant, and no such form, declaration, or statement was attached to petitioner's return for the year in issue.  It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply.  Accordingly, petitioner is not entitled to a deduction for a dependency exemption for Grant for 1998.  See sec. 152(e)(1); Miller v. Commissioner, supra.[2]

## 2.  Child Tax Credit

Respondent determined that petitioner is not entitled to claim the child tax credit on his 1998 return because he is

---

[2] The Court notes that even if it was determined that petitioner is not Grant's father, the outcome of this case would not differ.  In that case, petitioner would not be entitled to a dependency exemption deduction for Grant because in 1998 Grant's principal place of abode was not petitioner's home and Grant was not a member of petitioner's household.  Sec. 152(a)(9).

unable to substantiate that Grant was a "qualifying child" as defined in section 151.

For the taxable year 1998, taxpayers are allowed to claim a tax credit of $400 for each qualifying child. Sec. 24(a). Section 24(c)(1) defines a "qualifying child" as any individual if:

> (A) the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year,
>
> (B) such individual has not attained the age of 17 as of the close of the calendar year in which the taxable year of the taxpayer begins, and
>
> (C) such individual bears a relationship to the taxpayer described in section 32(c)(3)(B). [Emphasis added.]

The plain language of section 24 establishes a three-pronged test to determine whether a taxpayer has a qualifying child. In effect, if one of the qualifications is not met, the claimed child tax credit must be disallowed. The first element of the three-pronged test requires that a taxpayer must have been allowed a deduction for that child under section 151. Sec. 24(c)(1)(A).

Respondent determined that petitioner is not entitled to a section 151 dependency exemption deduction for Grant for 1998. The Court has held that respondent's determination regarding the section 151 deduction is valid. That holding is dispositive of this issue, and, as a result, the Court sustains respondent's determination regarding the section 24 child tax credit and

holds, because of the plain language of the statute, that petitioner is not eligible to claim the child tax credit.

3.  Head of Household Filing Status

Respondent determined petitioner's filing status to be single rather than head of household for 1998 because Grant did not reside with petitioner for more than one-half of the year.

Section 1(b) imposes a special tax rate on individuals filing as head of household.  As relevant herein, section 2(b) defines a "head of household" as an unmarried individual who maintains as his home a household that constitutes the principal place of abode for a son or daughter for more than half of the taxable year.

Petitioner has not demonstrated that he maintained such a household.  The parties agree that Mrs. Chandler is Grant's full-time custodian, and in 1998 petitioner and Mrs. Chandler lived in separate residences.  As previously stated, petitioner had not seen Grant for 8 years and Grant did not live with him at any time during 1998.

The evidence petitioner presented fails to establish that he provided the principal place of abode for Grant for more than one-half of the year in issue.  Moreover, petitioner offered no evidence to show that he paid more than one-half the cost of maintaining a household.  See sec. 2(b)(1).  The Court thus holds that petitioner is not entitled to head of household filing status.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.