T.C. Memo. 2002-298

UNITED STATES TAX COURT

MICHAEL R. LOFFER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10982-00.                Filed December 4, 2002.

Michael R. Loffer, pro se.

Donald E. Edwards, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1998 of $1,156.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the remaining issue for decision is whether for 1998 petitioner is entitled to a dependency exemption and to a child tax credit with respect to his daughter.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner resided in Owasso, Oklahoma.

Petitioner and Ms. Thompson, petitioner's former wife, have two children, John and Samantha.

On April 25, 1994, petitioner and Ms. Thompson were divorced.  In the divorce decree it was specified that petitioner and Ms. Thompson each were entitled to claim one of the two children as a dependent for Federal income tax purposes. Specifically, the divorce decree provided as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties shall each be entitled to claim one of the parties' two minor children as a dependent for federal and state income tax purposes so long as there are two children who can be claimed, commencing 1993 and each year thereafter.  The parties shall execute and exchange any IRS document required to claim the dependent children on or before February 1 of each year.

For all of 1998, Samantha, then 13 years old, resided with her mother, Ms. Thompson.

From January through April of 1998, John, then 18 years old, lived with his mother. For the remainder of 1998, John lived with petitioner.

On her 1998 Federal income tax return, Ms. Thompson claimed a dependency exemption and a child tax credit with respect to Samantha.

On his 1998 individual Federal income tax return to which he attached a copy of the above divorce decree, petitioner reported taxable income of $49,904, and petitioner claimed a dependency exemption and a child tax credit with respect to Samantha.

On their separate tax returns for 1998, neither petitioner, nor Ms. Thompson, claimed John as a dependent.

On audit, respondent denied petitioner's claimed dependency exemption and child tax credit with respect to Samantha. At trial, respondent concedes that for 1998 petitioner is entitled to change his filing status from single to head of household and that petitioner is entitled to a dependency exemption with respect to John.

## OPINION

Ordinarily, a taxpayer may claim a dependency exemption with respect to a child for a particular year if the taxpayer provides more than half of the child's support in the year for which the

exemption is claimed.  Secs. 151(c)(1), 152(a).  Where parents are divorced or separated, the parent who has physical custody of a child for the greater portion of a calendar year (the "custodial parent") generally is deemed to provide more than half of such child's support in that year.  Sec. 152(e).

A custodial parent, however, may release the right to a dependency exemption with respect to a child by declaring in a written statement that he or she will not claim the child as a dependent for a particular year.  Sec. 152(e)(2)(A).  If the custodial parent releases his or her right to a dependency exemption with respect to a child, the noncustodial parent may claim the dependency exemption for that child provided the noncustodial parent attaches the custodial parent's written release statement to the noncustodial parent's tax return.  Sec. 152(e)(2)(B).

Under section 152(e)(2), respondent issued Form 8332 (Release of Claim to Exemption for Child of Divorced or Separated Parents) for taxpayers to use to satisfy the written declaration requirement of section 152(e)(2).  Using Form 8332, the custodial parent is to provide the following:  (1) The name of the child with respect to which an exemption is released; (2) the year for which the exemption is released to the noncustodial parent; (3) signature, date of signature, and Social Security number of the custodial parent; and (4) the name and Social Security number

of the noncustodial parent to whom the exemption is released.  A properly completed and filed Form 8332 will entitle a noncustodial parent to the related dependency exemption.  A written statement attached to the noncustodial parent's tax return other than a Form 8332 that conforms to the substance of Form 8332 will also be sufficient to release the dependency exemption to the noncustodial spouse and entitle the noncustodial spouse to claim the exemption.  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

A taxpayer may also be entitled to a tax credit with respect to a child if, among other requirements, the taxpayer is entitled to a dependency exemption with respect to the child and the child is under the age of 17 at the close of the calendar year for which the tax credit is claimed.  Sec. 24(c)(1)(A) and (B).

With respect to Samantha, petitioner did not attach to his 1998 individual Federal income tax return a Form 8332. Petitioner argues, however, that the copy of the divorce decree that he did attach to his 1998 individual Federal income tax return substantially conforms to the substance of Form 8332 and should satisfy the written declaration requirement of section 152(e)(2).  Petitioner therefore maintains that he is entitled to the dependency exemption and to the tax credit with respect to Samantha.

We agree with respondent that the divorce decree at issue here does not substantially conform to Form 8332.  Although Ms. Thompson signed the divorce decree in question, it is not indicated in the divorce decree which child petitioner was to claim as a dependent and no year is specified.  Petitioner is not entitled to the claimed dependency exemption with respect to Samantha for 1998.  See Miller v. Commissioner, 114 T.C. 184 (2000).

Because petitioner is not entitled to a dependency exemption with respect to Samantha for 1998, petitioner also is not allowed the claimed child tax credit with respect to Samantha for 1998.

To reflect the foregoing,

Decision will be entered

under Rule 155.