T.C. Summary Opinion 2003-9


UNITED STATES TAX COURT


WILLIAM ALLEN GILBERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 239-01S.              Filed February 6, 2003.


William Allen Gilbert, pro se.

<u>Robert A. Varra</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $2,740 for the taxable year 1998.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his daughter; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to an earned income credit.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Colorado on the date the petition was filed in this case.

Petitioner and his former wife, Denise Lillian Gilbert, were divorced in 1997. Petitioner's former wife was granted sole legal custody of their minor daughter, Alexis. The final orders issued by the District Court, Routt County, Colorado, provided in relevant part:

> Because Husband [petitioner] is providing 100% of the financial support for Alexis, I am awarding Husband the entire dependency exemption for Alexis for 1997 and all future years. Husband shall be entitled to claim this exemption, however, only if he is current in paying all child support for the tax year for which the exemption is claimed and if claiming the exemptions provides him with a tax benefit. If either condition is not satisfied, Wife may claim an exemption for Alexis for that tax year.

During 1998, petitioner lived in Colorado while Alexis lived with petitioner's former wife in Louisiana. Petitioner visited the Louisiana residence for approximately 3 months during 1998, but

Alexis never resided in Colorado during that year. Petitioner earned $10,078 in wage income during 1998.

Petitioner filed a Federal income tax return for taxable year 1998. On this return, he claimed a dependency exemption deduction for Alexis, he claimed head of household filing status, and he claimed an earned income credit with Alexis as a qualifying child. Petitioner's return stated that Alexis lived with petitioner for 12 months during 1998. In the statutory notice of deficiency, respondent disallowed the dependency exemption deduction, changed petitioner's filing status to single, and disallowed in full the earned income credit.

The first issue for decision is whether petitioner is entitled to a dependency exemption deduction for his daughter. A deduction generally is allowed under section 151(a) for each dependent of a taxpayer. Sec. 151(a), (c)(1). Subject to exceptions and limitations not applicable here, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year. Sec. 152(a). A special rule applies to taxpayer-parents who are divorced, who are separated, or who live apart from their spouses for at least the last 6 months of the calendar year, but who have custody of the child for more than half of the year. Sec. 152(e)(1). Under this rule, the parent with custody of the child for the greater portion of the year (the "custodial parent")

generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support. Id. One exception to this special rule exists which entitles the noncustodial parent to the dependency exemption deduction. Sec. 152(e)(2). For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return. Id. Language in a divorce decree purportedly giving a taxpayer the right to an exemption deduction does not entitle the taxpayer to the deduction in the absence of the signed, written declaration required by the statute. Miller v. Commissioner, 114 T.C. 184 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F. 3d 1208 (10th Cir. 2002).

Petitioner admits that he is the noncustodial parent in this case. Because petitioner did not attach to his return a written declaration signed by his former wife, he is not entitled to the dependency exemption deduction. Secs. 151 and 152. We note that we do not question petitioner's support of Alexis; whether or not he supported her, the declaration must be attached to the return. Id.

Petitioner nevertheless argues that he is entitled to the deduction pursuant to the filing instructions issued by the Internal Revenue Service. Petitioner points to a flowchart on

what is apparently page 28 of the 1998 version of IRS Publication 17, Your Federal Income Tax.[1]  This chart states in relevant part that a noncustodial parent passes the support test if "there is a decree or agreement executed after 1984 that <u>unconditionally</u> entitles the noncustodial parent to the exemption" (emphasis added).  On the following page of this publication, the listed requirements pertaining to a noncustodial parent explicitly state that such a post-1984 decree or agreement must state that "the noncustodial parent can claim the child as a dependent without regard to any condition, such as payment of support."  The publication further states that, in order to use such a decree or agreement in claiming an exemption deduction, the taxpayer must attach to his or her return a copy of certain pages of the decree or agreement which contains the signature of the taxpayer's former spouse.  Petitioner did not attach to his return a copy of the relevant portions of his divorce decree.  Furthermore, attaching the decree to the return would not have been sufficient because the decree by its terms did not unconditionally entitle petitioner to the exemption deduction:  The decree provided that entitlement to the deduction was contingent upon petitioner's prompt payment of child support.[2]

_____

[1]A copy of the flowchart is in evidence.  The Court takes judicial notice of the publication in its entirety.

[2]We note that--even if the instructions upon which
(continued...)

The second issue for decision is whether petitioner is entitled to head of household filing status. For a taxpayer to be entitled to head of household filing status for a given taxable year, the taxpayer must at a minimum maintain "as his home a household which constitutes for more than one-half of such taxable year the principal place of abode" of a minor child or other qualifying dependent. Sec. 2(b)(1). Alexis was the only dependent claimed by petitioner. Because Alexis never resided with petitioner in his home during 1998, petitioner is not entitled to head of household filing status. Id.

The third issue for decision is whether petitioner is entitled to an earned income credit. Under section 32, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income, subject to certain limitations. Sec. 32(a)(1). Any individual with a qualifying child is an eligible individual. Sec. 32(c)(1)(A)(i). An individual with qualifying children is entitled to a larger credit than is an individual without qualifying children. Sec. 32(a) and (b). Subject to further requirements, the definition of a qualifying child for purposes of section 32 includes a child

---

2(...continued)
petitioner relied were incorrect or misleading--the Commissioner is not bound by guidance he provides to assist taxpayers in filing tax returns where such guidance is contrary to the law. Dixon v. United States, 381 U.S. 68 (1965); Automobile Club v. Commissioner, 353 U.S. 180 (1957).

of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year. Sec. 32(c)(3)(A)(ii). Petitioner claimed Alexis as a qualifying child. Alexis was not a qualifying child for petitioner, however, because she did not have the same principal place of abode as petitioner for more than half of 1998. Petitioner is not entitled to an earned income credit in 1998 because he had no qualifying children and because his earned income was too great to otherwise be entitled to the credit. Sec. 32(a), (c)(3)(A)(ii).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.