T.C. Memo. 1995-557

UNITED STATES TAX COURT

THOMAS B. MCCARTHY, JR. AND JANICE R. MCCARTHY, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14775-94.          Filed November 27, 1995.

Thomas B. McCarthy, Jr., pro se.

Robert E. Williams, Jr., for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax in the amount of $2,960 for the taxable year 1991. The only issue in dispute is whether petitioners are entitled to claimed dependency exemptions.[2]

Some of the facts have been stipulated and are so found. At the time of filing the petition herein, petitioners resided at Columbia, Maryland.

Petitioner Thomas B. McCarthy (hereinafter petitioner) was married to Rosalie McCarthy on July 18, 1980. There are three children of that marriage, born in 1981, 1983, and 1987. In March 1989, petitioner and Rosalie McCarthy entered into a voluntary separation and property settlement agreement. The agreement provided for joint legal custody of the children. The agreement also provided that the children would reside primarily with Rosalie McCarthy with weekend, some week night, and summer visitations with petitioner. The agreement also provided as follows:

> Wife agrees that for each calendar year in which the Husband shall have made all child support payments which he is obligated to make, she shall execute a written declaration on a form to be provided by the Internal Revenue Service or any applicable state taxing authority conforming to the substance of such form stating that she will not claim the children as dependents for that calendar year. Wife shall give such executed declaration to Husband upon his request on or after January 1st each year for the calendar year

---

[2] Petitioners conceded the adjustment in the notice of deficiency disallowing $4,120 of the $14,805 mortgage interest deduction claimed on the 1991 return.

just ended to enable Husband to attach it to his income tax returns.

A judgment of divorce was entered by the Circuit Court of Montgomery County, Maryland (hereinafter the county court), on August 1, 1989. The March 1989 agreement was incorporated in the judgement of divorce.

Subsequent to the divorce decree petitioner married Janice R. McCarthy. Rosalie McCarthy also remarried. Following the entry of the divorce decree, petitioner and Rosalie McCarthy had ongoing disputes concerning support payments, visitation rights, and other provisions of the March 1989 agreement. Petitioner and Rosalie McCarthy appeared in the county court on several occasions in an attempt to resolve some of their disputes. The county court issued a number of orders relating to some of the disputed issues. At some point in 1991, the county court determined petitioner to be in arrearage in child support payments and the county court imposed earnings withholdings against petitioner's employer. In early 1992, the county court reversed its prior ruling and no longer required earnings withholdings.

For the taxable year 1991, Rosalie McCarthy was the custodial parent of the three children. She did not execute a written declaration indicating that she was not claiming the children as dependents. In fact, Rosalie McCarthy claimed the children as dependents on her 1991 Federal income tax return.

Petitioner filed a joint 1991 Federal income tax return with Janice R. McCarthy.  The three children of petitioner's former marriage were claimed as dependents on the return.  No declaration of the custodial parent was attached to the 1991 return.

In the notice of deficiency, respondent disallowed the claimed dependency exemptions having determined that petitioner, as the noncustodial parent, is not entitled to claim the exemptions in the absence of a written declaration from the custodial parent.  Petitioner argues that he claimed the children as dependents in prior years and respondent did not disallow said claim.  He further argues that Rosalie McCarthy wrongfully refused to provide a written declaration pursuant to the separation agreement.

Generally, section 152(e)(1) provides that the custodial parent is entitled to the exemption for children of divorced or separated parents.  There are three exceptions to the general rule.  Section 152(e)(2) provides an exception if the custodial parent signs a written declaration that the custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and the noncustodial parent attaches such written declaration to the noncustodial parent's return.  Section 152(e)(3) allows a child to be claimed as a dependent by a taxpayer other than the custodial parent if there is a multiple support agreement permitting same.  A further

exception exists in section 152(e)(4) for certain pre-1985 instruments.  In such a situation, a child can be treated as receiving over half of his support from the noncustodial parent if a qualified pre-1985 instrument between the parents provides that the noncustodial parent shall be entitled to any deduction allowed under section 151, and the noncustodial parent provides at least $600 of support for such child during such calendar year.

It is clear that none of the exceptions apply in this case. Since petitioners have not satisfied the requirements of section 152(e)(1), they are not entitled to the claimed dependency exemptions.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.