T.C. Summary Opinion 2003-64

UNITED STATES TAX COURT

KABONGO LEONARD KALUBI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11760-02S.                    Filed May 28, 2003.

Kabongo Leonard Kalubi, pro se.

<u>Brianna J. Basaraba</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $3,944 in petitioner's

---

[1]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

1999 Federal income tax.  The issues are whether, with respect to petitioner's son and daughter, petitioner is entitled to claim (1) dependency exemption deductions, and (2) an earned income credit (EIC).  Petitioner resided in Decatur, Georgia, at the time the petition was filed.

The facts may be summarized as follows.  Petitioner and his former wife divorced in 1998.  Petitioner's former wife was awarded custody of their two minor children, Mbikay Kabongo (born 1990) and Kapinga Kabongo (born 1992) (collectively, the children).  The record does not contain either the divorce decree or the custody decree.  During 1999, petitioner resided in Decatur, Georgia, and the children resided with petitioner's former wife in St. Louis, Missouri.  Petitioner provided $336 of monthly support for the children.

In preparing his 1999 Federal income tax return, petitioner claimed, with respect to the children, two dependency exemption deductions and the EIC.  Respondent disallowed the dependency exemption deductions because petitioner did not attach to his return a written declaration executed by his former wife to waive her right to the dependency exemptions.  Respondent disallowed the EIC because the children did not reside with petitioner for more than 6 months in 1999.

Dependency Exemptions

Petitioner argues that he is entitled to claim dependency exemption deductions with respect to his children because he has "been paying child support for them." Generally, sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor dependent if the taxpayer provides over half of the support for the minor dependent. An exception exists in the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent. Section 152(e)(1) provides that the parent having custody for a greater portion of the calendar year ("custodial parent") generally shall be treated as providing over half of the support for the minor dependent.[2]

A noncustodial parent, however, may be treated as providing over half of the support for the minor dependent if the requirements of section 152(e)(2) are satisfied. Section 152(e)(2) provides that a noncustodial parent is treated as providing over half of the support if

> (A) the custodial parent signs a written declaration
> * * * that such custodial parent will not claim such child
> as a dependent for any taxable year beginning in such
> calendar year, and

---

[2] An exception also exists in the case of a multiple support agreement. Sec. 152(c). Petitioner did not provide any evidence of a multiple support agreement.

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The Internal Revenue Service prescribed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, as the appropriate form in which the noncustodial parent may satisfy the written declaration requirement of section 152(e)(2). See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[3] Regardless of the fact that petitioner paid monthly child support for his children, petitioner failed to provide a Form 8332 or any other written declaration to establish that his former wife waived her right to the dependency exemption deductions. We hold that petitioner is not entitled to the dependency exemption deductions. See McCarthy v. Commissioner, T.C. Memo. 1995-557; Ferguson v. Commissioner, T.C. Memo. 1994-114.[4]

---

[3] Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

[4] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying substantive issues.

Earned Income Credit

Section 32(a) generally provides eligible individuals with an EIC against their income tax liability.  An "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year.  Sec. 32(c)(1)(A)(i).  As relevant herein, a "qualifying child" must satisfy a residency test.  Sec. 32(c)(3)(A)(ii) provides that the "qualifying child" must have "the same principal place of abode as the taxpayer for more than one-half" of the taxable year.

At trial, petitioner admitted that the children did not reside with him for more than half of the 1999 year.  We conclude that petitioner is not entitled to an EIC.  See Briggsdaniels v. Commissioner, T.C. Memo. 2001-321; Brignac v. Commissioner, T.C. Memo. 1999-387.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.