T.C. Summary Opinion 2003-66


UNITED STATES TAX COURT



HOWARD JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 708-02S.                    Filed May 29, 2003.


Howard Jones, pro se.

<u>Travis Vance III</u>, for respondent.



POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant

to the provisions of section 7463[1] of the Internal Revenue Code

in effect at the time the petition was filed.  The decision to be

entered is not reviewable by any other court, and this opinion

should not be cited as authority.

Respondent determined a deficiency of $2,689 in petitioner's

---

[1]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

2000 Federal income tax. The issues are whether, with respect to petitioner's daughter and son, petitioner is entitled to claim (1) dependency exemption deductions, and (2) an earned income credit (EIC). Petitioner resided in Thomson, Georgia, at the time the petition was filed.

The facts may be summarized as follows. Petitioner is divorced. Petitioner's former wife was awarded custody of their two minor children, Ashley Jones (born 1987) and Justin Jones (born 1992) (collectively, the children). The record does not contain either the divorce decree or custody decree. During 2000, petitioner resided in Marathon Shores, Florida, and the children resided with petitioner's former wife in Thomson, Georgia.

In preparing his 2000 Federal income tax return, petitioner claimed two dependency exemption deductions and an EIC with respect to the children. Respondent disallowed the dependency exemption deductions because petitioner did not attach to his return a written declaration executed by his former wife waiving her right to the deductions and the EIC because the children did not reside with petitioner for more than 6 months in 2000.

Dependency Exemptions

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor child if the taxpayer provides over half of the support for the minor child. In the case of a

minor child whose parents are divorced or separated and together provide over half of the support for the minor child, section 152(e)(1) provides that the parent having custody for a greater portion of the calendar year ("custodial parent") generally shall be treated as providing over half of the support for the minor child.

A noncustodial parent, however, may be treated as providing over half of the support for the minor child if the requirements of section 152(e)(2) are satisfied. Section 152(e)(2) provides that a noncustodial parent is treated as providing over half of the support if

> (A) the custodial parent signs a written declaration * * * that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The Internal Revenue Service prescribed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, as the appropriate form in which the noncustodial parent may satisfy the written declaration requirement of section 152(e)(2). See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax

Regs., 49 Fed. Reg. 34459 (Aug 31, 1984).[2] Petitioner, as a noncustodial parent, failed to provide a Form 8332 or any other written declaration to establish that his former wife waived her right to the dependency exemption deductions with respect to the children. We hold that petitioner is not entitled to the dependency exemption deductions. See McCarthy v. Commissioner, T.C. Memo. 1995-557; Ferguson v. Commissioner, T.C. Memo. 1994-114.[3]

Earned Income Credit

Section 32(a) generally provides eligible individuals with an EIC against their income tax liability. An "eligible individual" is defined as an individual who has a "qualifying child" for the taxable year. Sec. 32(c)(1)(A)(i). As relevant herein, a "qualifying child" must satisfy a residency test. Sec. 32(c)(3)(A)(ii) provides that the "qualifying child" must have "the same principal place of abode as the taxpayer for more than one-half" of the taxable year.

At trial, petitioner admitted that the children did not reside with him during the 2000 taxable year. We conclude that

---

[2] Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

[3] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying substantive issues.

petitioner is not entitled to an EIC.  See <u>Briggsdaniels v. Commissioner</u>, T.C. Memo. 2001-321; <u>Brignac v. Commissioner</u>, T.C. Memo. 1999-387.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>