T.C. Summary 2003-85

UNITED STATES TAX COURT

RHONDA HOPE HAMILTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

RICKY DERRELL HAMILTON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 8101-02S, 8545-02S.        Filed June 25, 2003.

Rhonda Hope Hamilton, pro se in docket No. 8101-02S.

Ricky Derrell Hamilton, pro se in docket No. 8545-02S.

Amy Dyer Seals, for respondent.

POWELL, Special Trial Judge:  These consolidated cases[1]

were heard pursuant to the provisions of section 7463[2] of the

---

[1]  These cases were consolidated for purposes of trial,
briefing, and opinion because they involve common questions of
fact and law arising from the residence of petitioners' daughter.

[2]  Unless otherwise indicated, subsequent section references are
to the Internal Revenue Code in effect for the year in issue.

Internal Revenue Code in effect at the time the petitions were filed. The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.

By separate notices of deficiency respondent determined a deficiency of $2,185 in the 1999 Federal income tax of petitioner Rhonda Hope Hamilton (Ms. Hamilton) at docket No. 8101-02S and a deficiency of $2,218 in the 1999 Federal income tax of petitioner Ricky Derrell Hamilton (Mr. Hamilton) at docket No. 8545-02S. After concessions,[3] the issues are (1) whether Ms. Hamilton is entitled to an earned income credit (EIC) with respect to Rebecca Hope Hamilton (Rebecca), petitioners' minor daughter; (2) whether Ms. Hamilton is entitled to use head of household filing status; (3) whether Mr. Hamilton is entitled to a dependency exemption deduction with respect to Rebecca; and (4) whether Mr. Hamilton is entitled to a child tax credit with respect to Rebecca. Ms. Hamilton resided in Newberry, South Carolina, and Mr. Hamilton resided in Prosperity, South Carolina, at the time the petitions were filed.

## Background

Petitioners were divorced in 1990. By a consent decree dated November 25, 1996, the Family Court of the County of

---

[3] Respondent conceded that Mr. Hamilton is entitled to claim a dependency exemption deduction and a child tax credit of $500 with respect to Richard Hamilton, petitioners' minor son, and to the head of household filing status. As a result of these concessions, Mr. Hamilton's deficiency is reduced to $998.

Newberry, State of South Carolina, entered an order awarding Ms. Hamilton custody of Rebecca. While Ms. Hamilton had legal custody during 1999, there are ambiguities with respect to where Rebecca resided and the duration of Rebecca's residence. She spent time with both parents, and both parents contributed to her support.

On their separate 1999 Federal income tax returns, both petitioners claimed head of household filing status and a dependency exemption deduction and an EIC with Rebecca as a qualifying child. Additionally, Mr. Hamilton claimed a child tax credit with respect to Rebecca.

In the notice of deficiency issued to Ms. Hamilton, respondent determined that she was the custodial parent of Rebecca and allowed her the dependency exemption deduction. Respondent, however, disallowed Ms. Hamilton's claimed head of household filing status and the EIC with respect to Rebecca. As to Mr. Hamilton, respondent disallowed the claimed dependency exemption deduction and the child tax credit with respect to Rebecca.

## Discussion

### Earned Income Credit

Section 32(a) generally provides eligible individuals with an EIC against their income tax liability. An "eligible individual" is defined as an individual who has a "qualifying

child" for the taxable year. Sec. 32(c)(1)(A)(i).[4] Sec. 32(c)(3)(A)(ii) provides that a "qualifying child" must have "the same principal place of abode as the taxpayer for more than one-half" of the taxable year. Respondent concedes that if Rebecca had the same principal place of abode as Ms. Hamilton for more than one-half of 1999 then Ms. Hamilton qualifies for the EIC with respect to Rebecca. While the evidence is perhaps less than clear as to where Rebecca's abode was at any given time, we believe that her principal place of abode was with Ms. Hamilton for more than one-half of 1999.[5]

Head of Household Filing Status

As relevant herein, Ms. Hamilton qualifies for head of household filing status if she (1) was not married at the close of the taxable year, and (2) maintained as her home "a household which constitutes for more than one-half of such taxable year the principal place of abode" of a daughter. Sec. 2(b)(1)(A). As discussed above, we find that Rebecca's principal place of abode was with Ms. Hamilton, and Ms. Hamilton qualifies as head of a household for 1999.

---

[4] An eligible individual also includes an individual without a qualifying child who meets certain criteria. See sec. 32(c)(1)(A)(ii). Respondent concedes that Ms. Hamilton is entitled to an EIC as an individual without a qualifying child.

[5] Sec. 7491(a), concerning burden of proof, has no bearing on the underlying substantive issue.

Dependency Exemption

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a minor dependent if the taxpayer provides over half of the support for the minor dependent. In the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent, section 152(e)(1) provides that the parent having custody for a greater portion of the calendar year ("custodial parent") generally shall be treated as providing over half of the support for the minor dependent. Custody is "determined by the terms of the * * * custody decree". Sec. 1.152-4(b), Income Tax Regs.

A noncustodial parent, however, may be treated as providing over half of the support for the minor dependent if the requirements of section 152(e)(2) are satisfied. Section 152(e)(2) provides:

> (2) Exception where custodial parent releases claim to exemption for the year.--A child * * * received over half of his support during a calendar year from the noncustodial parent if--
>
> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
>
> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

The Internal Revenue Service prescribed Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, as the appropriate form in which the noncustodial parent may satisfy the written declaration requirement of section 152(e)(2). See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[6]  Mr. Hamilton failed to provide a Form 8332 or any other documentation to establish that Ms. Hamilton waived her right to the dependency exemption deduction with respect to Rebecca.  We hold that Mr. Hamilton is not entitled to the dependency exemption deduction with respect to Rebecca.  See McCarthy v. Commissioner, T.C. Memo. 1995-557; Ferguson v. Commissioner, T.C. Memo. 1994-114.

Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Sec. 24(c)(1)(A).  For the reasons stated

---

[6]   Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

above, Mr. Hamilton may not claim a dependency exemption deduction with respect to Rebecca under section 151, and, therefore, he may not claim the child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decisions will be entered
under Rule 155.