T.C. Summary Opinion 2004-129


UNITED STATES TAX COURT


JEFFREY SCOTT AND NANCY J. ROBB, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17555-03S.          Filed September 16, 2004.


Jeffrey Scott Robb, pro se.

Mary Ann Waters, for respondent.


POWELL, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $3,592 in petitioners' 2001 Federal income tax. The issues are (1) whether petitioners are entitled to claim dependency exemption deductions for petitioner Jeffrey Scott Robb's (hereinafter petitioner) children from a former marriage under section 151, and (2) whether petitioners are entitled to claim child tax credits for two of the children under section 24. Petitioners resided in Woodbridge, Virginia, at the time the petition was filed.

Background

The facts are undisputed and may be summarized as follows. Petitioner and Lorreta Delaney (Loretta) were divorced in 1994. Together they had four children. In 2001, three of the four children were minors. Petitioner and Loretta entered into a written separation agreement with addendums. In the final divorce decree it is noted that the Circuit Court of Stafford County "neither affirms, ratifies nor incorporates" the agreement or its addendums into the final divorce decree. The agreement, dated September 29, 1992, stated: "Provided the Husband is current in his obligations to pay child support, he may have the children's tax exemptions for both state and federal tax returns." The parties stipulated that petitioner was current in his obligation to pay child support during 2001. Loretta was the custodial parent of the children within the meaning of section 151(e)(1).

On their 2001 Federal income tax return, petitioners claimed dependency exemption deductions, inter alia, for three of petitioner's children from his marriage to Loretta and child tax credits for two of those children. Loretta also claimed dependency exemption deductions for the three children. Respondent disallowed the dependency exemption deductions and the child tax credits claimed by petitioners.

### Discussion

1. Dependency Exemptions

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a dependent if the taxpayer provides over half of the support for the dependent. The pre-1985 version of the dependency exemption deduction as it applied to the children of divorced or separated parents was "often subjective and [presented] difficult problems of proof and substantiation". H. Rept. 98-432 (Part II), at 1498 (1984). In order to provide more certainty, Congress amended section 152(e) to "[allow] the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service." Id. at 1499.

Under section 152(e)(1), in the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent, the parent having

custody for a greater portion of the calendar year ("custodial parent") generally shall be treated as providing over half of the support for the minor dependent. A noncustodial parent may be treated as providing over half of the support for the minor dependent if the requirements of section 152(e)(2) are satisfied.

Section 152(e)(2) provides:

> (2) Exception where custodial parent releases claim to exemption for the year.--A child * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--
>
> > (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
> >
> > (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984),[2] provides:

> A noncustodial parent may claim the exemption for a dependent child only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year. The written declaration may be made on a form to be provided by the Service for this purpose. * * *

---

[2] Temporary regulations are entitled to the same weight as final regulations. See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

Pursuant to the regulations, the Commissioner promulgated Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. Form 8332 instructs a taxpayer to furnish (1) the names of the children for whom exemption claims were released, (2) the current and future years for which the claims were released, (3) the signature of the custodial parent confirming his or her consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption. See <u>Miller v. Commissioner</u>, 114 T.C. 184, 190 (2000), affd. on another issue sub nom. <u>Lovejoy v. Commissioner</u>, 293 F.3d 1208 (10th Cir. 2002). The regulations provide that if Form 8332 is not used, a statement conforming to the substance of Form 8332 must be submitted. See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., <u>supra</u>. The regulations further provide that a noncustodial parent may claim the exemption for a dependent child "only if the noncustodial parent attaches to his/her income tax return for the year of the exemption a written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." <u>Id.</u>

In <u>Miller v. Commissioner</u>, 114 T.C. at 186, the order of final divorce granted custody of the children to the wife, but provided that the husband "shall claim both of [the] children on

his tax returns as exemptions". There was no statement that the wife would not claim the children as dependents. The order was approved by the wife's attorney and the court, but she had not signed the order. We held that the provisions of the final divorce decree did not meet the requirements or the substance of Form 8332. Inter alia, the taxable years for which the exemptions were released were not stated, and the statement did not provide that the custodial parent would not claim exemptions for the children. Furthermore, the wife had not signed the order.

While in this case Loretta did sign the separation agreement, that agreement was specifically not incorporated in the final divorce decree. The agreement did not set forth the taxable years for which it applied.

More importantly, the separation agreement did not provide that Loretta would not claim exemptions for the children, and, indeed, she did claim the exemptions for the 2001 taxable year. In White v. Commissioner, T.C. Memo. 1996-438, we held that the custodial parent's letter, attached to the noncustodial parent's return, was insufficient under section 152(e). The custodial parent did not include an explicit statement that she agreed not to claim the exemption and did not state the years in which she would release the claim to the dependency exemption deduction. Id. While the custodial parent also did not include her Social

Security number, that omission was not a determinative factor. We emphasized the lack of the custodial parent's explicit statement not to claim the dependency exemption deduction. Id.

Finally, it seems to us that, if petitioner were to prevail here, respondent would be faced with the same whipsaw problems that Congress sought to prevent by enacting section 152(e). If petitioners are entitled to claim the dependency exemption deductions, it is not unreasonable to require that they obtain from Loretta a Form 8332 or similar statement that conforms with the form. If she refuses, then the dispute should be placed before the local courts and not before the Internal Revenue Service and this Court. We find that this case is controlled by our reasonings in White v. Commissioner, supra, and Miller v. Commissioner, supra.

2.  Child Tax Credits

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A). For the reasons stated above, petitioners may not claim dependency exemption deductions for the children under section 151, and, therefore, they may not claim the child tax credits.

- 8 -

Reviwed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.