T.C. Summary Opinion 2005-28

UNITED STATES TAX COURT

JAMES T. AND REBECCA S. WERTHER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16858-03S.          Filed March 17, 2005.

James T. Werther, pro se.

<u>Robert E. Marum</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $2,195 for the taxable year 2001.

The issues for decision are: (1) Whether petitioners are entitled to two dependency exemption deductions for petitioner James T. Werther's two sons, RW and MW,[1] from a previous marriage; and (2) whether petitioners are entitled to a child tax credit of $600 for taxable year 2001.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits thereto are incorporated herein by this reference. Petitioners resided in Danbury, Connecticut, on the date the petition was filed in this case. James T. Werther (petitioner) appeared before the Court and presented petitioners' case. Petitioner wife, Rebecca S. Werther, did not appear.

## Background

On June 4, 1977, petitioner and Eileen M. Werther (Eileen) were married. During the marriage, petitioner and Eileen had four children: AW, born in 1979; JW, born in 1982; RW, born in 1984; and MW, born in 1985.

On April 13, 1993, Eileen and petitioner were divorced by an order issued by the State of Louisiana in a divorce proceeding

---

[1]The Court uses only the minor children's initials.

initiated by petitioner.[2]  On September 20, 1994, Eileen and petitioner entered into a final separation agreement covering matters that were not addressed by the Louisiana order.  Also on September 20, 1994, a hearing was conducted before the Chittenden Family Court, Chittenden County, State of Vermont.  On October 12, 1994, the Chittenden Family Court entered a final order, which incorporated matters covered in the final separation agreement.  Paragraph 1 of the final order provided:

> [Eileen] shall have the legal and physical parental rights and responsibilities of the parties' following minor children:  (a) [JW], (b) [RW], (c) [MW].

Paragraph 18 of the final order provided:

> In future years [after 1993], the parties shall allocate the children for dependency purposes in such manner as most reduces the overall tax burden of both parties, provided, however, that if Plaintiff [Eileen] incurs a greater tax liability than if she were to claim the three youngest children as dependents, Defendant [petitioner] shall make up the difference to Plaintiff [Eileen] and pay her by April 15th of that year.

On or about April 3, 2002, petitioners filed their Form 1040, U.S. Individual Income Tax Return, for the 2001 taxable year.  In their return, petitioners claimed RW and MW as their dependents and claimed the resulting exemption deductions, as well as a $600 child tax credit.  There was no attachment regarding any waiver or declaration, such as a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents,

---

[2]After his divorce from Eileen, petitioner married Rebecca S. Werther (petitioner wife).

executed by Eileen stating that she was releasing her claim to exemption deductions for RW and MW.

During the 2001 taxable year, petitioners did not have physical or legal custody of RW and MW. Eileen did not execute or sign any waiver or declaration, such as Form 8332, stating that she was releasing her claim to exemption deductions for RW and MW.

Respondent issued a notice of deficiency to petitioners in which respondent disallowed petitioners' claimed exemption deductions for RW and MW for the 2001 taxable year, as well as the child tax credit of $600.

## Discussion[3]

### A. Deductions for Dependency Exemptions

Section 151(a) authorizes deductions for the exemptions provided by that section. In particular, section 151(c)(1) provides an exemption for each of a taxpayer's dependents as defined in section 152.

Section 152(a)(1) defines the term "dependent" to include a taxpayer's child, provided that more than half of the child's support was received from the taxpayer or is treated under section 152(e) as received from the taxpayer.

---

[3]We decide the issues in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

In the case of a child of divorced parents, section 152(e)(1) provides as a general rule that the child shall be treated as receiving over half of his or her support from the custodial parent.  Custody is determined by the terms of the most recent decree of divorce or subsequent custody decree, and "will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Sec. 1.152-4(b), Income Tax Regs.  Thus, in the present case, because Eileen had legal custody of RW and MW throughout 2001 (as well as physical custody throughout the year) she was the custodial parent in 2001, and petitioner was the noncustodial parent.

Section 152(e)(2) provides an exception to the general rule of section 152(e)(1).  Pursuant to that exception, the child shall be treated as receiving over half of his or her support from the noncustodial parent if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

The declaration required by section 152(e)(2)(A) must be made on either the official form provided by the Internal Revenue Service (IRS), Form 8332, or on a statement conforming to the substance of that form.  Miller v. Commissioner, 114 T.C. 184, 189 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  Form 8332 calls for the following information: (1) The name of the child or children for whom an exemption claim is released;  (2) the applicable tax year or years for which the claims are released; (3) the custodial parent's signature and the date of signature; (4) the custodial parent's Social Security number; (5) the noncustodial parent's name; and (6) the noncustodial parent's Social Security number.  "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., supra.

In the present case, Eileen, as the custodial parent, did not sign Form 8332 or any written declaration or statement agreeing not to claim exemption deductions for RW and MW, and no such form, declaration, or statement was attached to petitioners' return for the year in issue.

However, petitioner argues that in the past he has been allowed the deduction and by not allowing the deduction in 2001 the IRS "broke its own precedent".  Upon the basis of the record

and the applicable law, we disagree with petitioner's argument. Every tax year stands by itself, and respondent's prior action is of no consequence here. Petitioner admits that he was the noncustodial parent in 2001 and that Eileen did not execute a written declaration, such as a Form 8332, indicating that she, the custodial parent, would not claim exemption deductions for RW and MW for the year 2001. Petitioner does not argue that he attached any statement or written declaration to his and his current wife's 2001 joint tax return that would satisfy the requirements of section 152(e)(2)(A).

Although the divorce decree, by and through its own terms, provides the opportunity for petitioner to be entitled to dependency exemptions for RW and MW, it is well settled that State courts by their decisions cannot determine issues of Federal tax law. See Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Neal v. Commissioner, T.C. Memo. 1999-97; Nieto v. Commissioner, T.C. Memo. 1992-296.

Unfortunately, regardless of what is stated in the State divorce decree, the law is clear that petitioner is entitled to the child dependency exemption in 2001 only if he complied with the provisions of section 152(e)(2). Petitioner has failed in this regard. It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of

section 152(e)(1) does apply.  Accordingly, petitioners are not entitled to dependency exemption deductions for RW and MW for 2001.  See sec. 152(e)(1); <u>Miller v. Commissioner</u>, <u>supra</u>.  Respondent's determination on this issue is sustained.

B.  <u>Child Tax Credit</u>

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer.  The term "qualifying child" is defined in section 24(c).  As relevant here, a "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151.  Sec. 24(c)(1)(A).

We have already held that petitioners are not entitled to dependency exemption deductions under section 151 for RW and MW.  Accordingly, RW and MW are not considered "qualifying children" within the meaning of section 24(c).  It follows, therefore, that petitioners are not entitled to a child tax credit under section 24(a) with respect to RW and MW.

In view of the foregoing, we sustain respondent's determination on this issue.

Furthermore, we have considered all of the other arguments made by petitioners, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.