T.C. Summary Opinion 2007-46

UNITED STATES TAX COURT

VITALLY V. AND SVETLANA N. ANDRUKOV, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5743-06S.                     Filed March 21, 2007.

Vitally V. and Svetlana N. Andrukov, pro sese.

<u>Mark D. Eblen</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to section 7463
of the Internal Revenue Code in effect at the time the petition
was filed.  Unless otherwise indicated, all section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.  The decision to be entered is not reviewable by

any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $5,090 in petitioners' Federal income tax for 2004. After concessions by respondent, the issues for decision are whether petitioners are entitled to claim dependency exemption deductions for two children of Vitally V. Andrukov (petitioner) by a prior marriage to Tanya Andrukov and whether petitioner is entitled to an earned income tax credit (EIC) and child tax credits with respect to those children.

## Background

All of the material facts have been stipulated. Petitioners resided in Kentucky at the time they filed their petition.

Petitioner was previously married to Tanya Andrukov, with whom he has a son and a daughter. In 2000 and in 2004, the Superior Court of Washington, County of Whatcom, issued orders in relation to that marriage and directed that income tax exemptions for the children of petitioner and Tanya Andrukov be allocated to petitioner and that the "federal income tax dependency exemption waiver" form was to be executed by petitioner and Tanya Andrukov. The two children lived with Tanya Andrukov during the entire 2004 tax year. Tanya Andrukov failed to execute the waiver and claimed dependency exemption deductions for the two children, as

well as the EIC and child tax credits in relation thereto, on her Federal income tax return for 2004.

Petitioners also claimed dependency exemption deductions for petitioner's two children with Tanya Andrukov, as well as a dependency exemption deduction for petitioners' son, and the related EIC and child tax credits on their Federal income tax return for 2004. Because petitioners failed to attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to their return, respondent disallowed their claims. Respondent has now conceded that petitioners are entitled to a dependency exemption deduction for their son, although that amount was also disallowed in the notice of deficiency.

## Discussion

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). A child of a taxpayer is generally a qualified dependent only if the taxpayer provides over half of the child's support during the taxable year. Sec. 152(a)(1). However, section 152(e)(1) limits the dependency exemption where the child's parents live apart, as follows:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
> (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--

(A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--

(i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

Petitioner is not the custodial parent of his two children with Tanya Andrukov, and they did not live with him during 2004. His entitlement to the deduction (and related credits) depends on the applicability of section 152(e)(2), which provides:

SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--

*    *    *    *    *    *    *

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the

Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

The form prescribed for the waiver described in section 152(e)(2) is Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, which form must be executed by the custodial parent and attached to the Federal income tax return of the noncustodial parent in order for the noncustodial parent to receive the dependency exemption. Miller v. Commissioner, 114 T.C. 184, 190-191 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).

Petitioners did not attach the required waiver form to their 2004 Federal income tax return and apparently could not obtain a form executed by Tanya Andrukov despite the orders of the Superior Court in Washington State. At the time of trial, petitioner presented a Form 8332 purportedly executed by Tanya Andrukov. When invited to testify under oath that he recognized his former wife's signature on the form, however, petitioner testified that he could not be sure that it was her signature. Because of the doubts as to authenticity of the Form 8332, the

form was not admitted, subject to subsequent corroboration by contact with Tanya Andrukov. When subsequently contacted by respondent's counsel, Tanya Andrukov denied that she had executed the Form 8332 for 2004. We conclude that the Form 8332 is not authentic. Therefore, we need not decide whether it was so untimely as to be invalid.

Because the conditions of section 152(e) have not been met, petitioners are not entitled to claim petitioner's two children with Tanya Andrukov as dependents on their return for 2004. Because petitioners are not entitled to claim those two children as dependents, they do not satisfy the "qualifying child" requirements of the child tax credit under section 24 or the earned income credit under section 32 with respect to those two children. See secs. 24(c)(1), 32(c)(3)(A); Smith v. Commissioner, T.C. Memo. 2006-163.

Because of respondent's concession that petitioners may claim the dependency exemption deduction and associated credits with respect to the son of petitioners,

Decision will be entered under Rule 155.