T.C. Summary Opinion 2008-113


UNITED STATES TAX COURT


FRED HOFFMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23275-06S.                    Filed September 3, 2008.


Fred Hoffman, pro se.

Frederick C. Mutter, for respondent.


THORNTON, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, in effect for the year in issue.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,760 deficiency in petitioner's 2004 Federal income tax. The issues for decision are, with respect to petitioner's 2004 taxable year: (1) Whether petitioner is entitled to claim dependency exemption deductions for his three eldest children; (2) whether petitioner is entitled to claim the child tax credit; and (3) whether petitioner is entitled to head of household filing status.

### Background

The parties have stipulated some facts, which we incorporate herein. When he petitioned this Court, petitioner resided in New York.

On January 28, 2002, petitioner and his wife, Alice Ann Hoffman (Alice), divorced. They had five children from their marriage. The divorce decree stated: "The Husband will take the three oldest children as deductions on his Federal and State income tax returns and the wife will take the two youngest children as deductions on her Federal and State returns."

After the divorce, all five children lived with Alice, although petitioner regularly drove them to school.

On his 2004 Form 1040, U.S. Individual Income Tax Return, petitioner claimed dependency exemption deductions for his three eldest children; he also claimed the child tax credit and filed

as a head of household. Petitioner did not include with his return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or a copy of his divorce decree. On her 2004 Federal tax return Alice claimed dependency exemption deductions for all five children.

By notice of deficiency, respondent disallowed petitioner's dependency exemption deductions and child tax credit and determined petitioner's filing status to be single rather than head of household.

## Discussion

### 1. Dependency Exemption

A taxpayer generally may deduct an exemption amount for each dependent child under 19 years of age. Sec. 151(c)(1)(B)(i). To be entitled to claim a child as a dependent, the taxpayer generally must provide over one-half of the child's support. Sec. 152(a). If the child's parents are divorced or separated, the child will generally be treated as receiving over one-half of his or her support from the custodial parent; i.e., the parent having custody for a greater portion of the calendar year. Sec. 152(e)(1). As an exception to this general rule, the noncustodial parent is treated as providing over one-half of the support if the custodial parent releases his or her claim to the exemption for the year. Sec. 152(e). This exception applies only if:

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year. [Sec. 152(e)(2)(A) and (B).]

Under the regulations, to claim an exemption for a dependent child a noncustodial parent must attach to his or her income tax return a "written declaration from the custodial parent stating that he/she will not claim the child as a dependent for the taxable year beginning in such calendar year." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). The custodial parent may make this written declaration on Form 8332. See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra. Form 8332 requires, among other things, that the custodial parent sign a statement agreeing not to claim the exemption for the child or children named on the form for the tax years specified on the form. A written declaration that is made other than on a Form 8332 must "conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

Because all five children lived with Alice in 2004, she was the custodial parent. Petitioner did not attach to his return

Form 8332 or any other written statement which complied with the requirements of section 152(e)(2) and the temporary regulations thereunder.  Accordingly, petitioner is not entitled to dependency exemption deductions for any of his children for 2004.

2. Child Tax Credit

Section 24(a) allows a tax credit for each "qualifying child" of a taxpayer.  To be a qualifying child, an individual must, among other things, qualify as the taxpayer's dependent.  Sec. 24(c).  As stated above, none of petitioner's children qualify as his dependent.  Accordingly, petitioner is not entitled to the child tax credit for 2004.

3. Head of Household Filing Status

Section 1(b) grants a special tax rate for any individual who qualifies for filing as a head of household.  As relevant to this case, section 2(b)(1)(A)(i) provides that an individual will be considered a head of household only if he maintains as his home a household that constitutes the principal place of abode of his child for more than one-half of the taxable year.

Because all five children lived with Alice throughout 2004, petitioner's home did not constitute the principal place of abode for any of his children for more than one-half of the year. Petitioner is not entitled to head of household filing status for 2004.

In the light of the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.